ROBIN F. WYNNE, Associate Justice Lin 1997, appellant Jeffrey Wendell Edwards was found guilty by a jury in the Washington County Circuit Court of rape, attempted rape, commercial burglary, and second-degree battery. In addition, the trial court revoked Edwards’s' probation for prior offenses of residential burglary and theft of property. The sentences for the six offenses were ordered to be served consecutively for a total of 70 years’ imprisonment. The Arkansas Court of Appeals affirmed. Edwards v. State, No. CACR-98-362, 1998 WL 760241 (Ark. App. Oct. 28, 1998) (unpublished). On May 25, 2016, Edwards filed in the Jefferson County Circuit Court, which is in the county where the headquarters of the Arkansas Department of Correction (“ADC”) is located, a pro se petition for writ of habeas corpus.[1] The circuit court dismissed the petition on the basis , that Edwards had not stated a ground for the writ. Edwards brings this appeal. LA circuit court’s decision on a petition for writ of habeas corpus will be upheld unless it is clearly erroneous. Hobbs v. Gordon, 2014 Ark. 225, at 5, 434 S.W.3d 364, 367. A decision is clearly erroneous when, although there is evidence to. support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. Id, A writ of habeas corpus is proper when a judgment of conviction is invalid on its face or when a trial court lacks jurisdiction over the cause. Philyaw v. Kelley, 2015 Ark. 465, 477 S.W.3d 503. Under our statute, a petitioner for the writ who does not allege his actual innocence and proceed under Act 1780 of 2001 Acts of Arkansas must plead either the facial invalidity of the judgment or the lack of jurisdiction by the trial court and make a showing by affidavit or other evidence of probable cause to believe that he is being illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2016). Unless the petitioner in proceedings for a writ of habeas corpus can show that the trial court lacked jurisdiction or that the commitment was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. Fields v. Hobbs, 2013 Ark. 416, 2013 WL 5775566. Edwards argued in his habeas petition that he was' subjected to double jeopardy because the same elements that were used to prove that he committed rape were used to prove that he committed attempted rape. He further contended that the attempted rape of the same victim rendered the judgment invalid because attempted rape is a lesser-in'cluded offense of rape. |3We affirm the order because Edwards did not state a ground on which a writ of habeas corpus could be issued. While some double-jeopardy claims are cognizable in habeas corpus proceedings, where the petitioner does not show that on the face of the commitment order there was an illegal sentence imposed, the claim does not implicate the jurisdiction of the court to hear the case, and the claim is not one that is cognizable. Fields, 2013 Ark. 416, at 6-7. Edwards’s double-jeopardy claim was an attack on the sufficiency of the evidence to sustain his conviction for both rape and attempted rape. This court has held that rape is not defined as a continuing offense. See Bryant v. State, 2010 Ark. 7, 377 S.W.3d 152. If there were some argument that could have been made that the rape and attempted-rape charges in his case were such that Edwards could riot legally be found guilty of both offenses, the assertion could have been raised, and settled, at trial and on the record on direct appeal. A habeas proceeding does not afford a prisoner an opportunity to retry his case, and it is not a substitute for raising an issue at trial or on direct appeal. Philyaw, 2015 Ark. 465, 477 S.W.3d 503. Edwards’s allegation that attempted rape is a lesser-included offense of rape is also an issue that could have been addressed at trial. More importantly, it cannot be discerned from the face of the judgment that Edwards was convicted of an offense and also convicted of a lesser-included offense to that offense. Because the judgment-and-commitment order did not reflect on its face that appellant was convicted of both an offense and a lesser-included offense to that offense and because Edwards did not establish that the trial court laeked jurisdiction in his case, he did not meet his burden of showing that the face of the judgment demonstrated that the judgment was invalid. Russell v. Kelley, 2016 Ark. 224, 2016 WL 3131007. | ¿Edwards refers in his brief to the fact that the circuit court entered its decision to dismiss his petition for writ of habeas corpus without a hearing. If the statement was intended to raise the failure to hold a hearing as a point for reversal of the order, we have held that a hearing on a petition for writ of habeas corpus is not required if the petition does not allege either of the bases for relief proper in a habeas proceeding; and even if a cognizable claim is made, the writ will not be issued unless probable cause is shown for the writ to be issued. Philyaw, 2015 Ark. 465, at 4, 477 S.W.3d 503, 506. If a petitioner in a habeas proceeding fails to raise a claim within the purview of a habeas action, the petitioner fails to meet his burden of demonstrating a basis for the writ to issue. Russell, 2016 Ark. 224. As stated, the claims Edwards raised in his petition were not within the purview of a habeas proceeding. The circuit court was therefore not clearly erroneous in denying habe-as relief without a hearing. Finally, Edwards contends that the circuit court erred by declaring that the habeas petition constituted a “strike” under Arkansas Code Annotated section 16-68-607 (Repl. 2005). Section 16-68-607 precludes an incarcerated person from bringing a civil action or an appeal therefrom when he has, on three or more prior occasions, brought an action that was frivolous, malicious, or failed to state a claim on which relief may be granted. Habeas petitions that fail to state a claim on which relief can be granted are appropriately counted as strikes under section 16-68-607. Because Edwards’s petition clearly failed to state a claim on which relief was merited, it was not error for the circuit court to declare that the petition constituted a strike under the statute. Affirmed. Womack, J., concurs in part and dissents in part. Baker and Hart, JJ., dissent. . Even though Edwards is housed in Texas by agreement between the Director of the ADC and Texas authorities, he remains under the jurisdiction of the Director, and a writ of habeas corpus is ' returnable in Jefferson County. Hundley v. Hobbs, 2015 Ark. 70, 456 S.W.3d 755.