ROBIN F. WYNNE, Associate Justice
Appellant Wallace A. Gardner filed three motions in which he seeks the appointment of counsel to represent him in his pro se appeal of the denial of his pro se petition for permission to proceed in the circuit court as a pauper on a petition for writ of habeas corpus, an extension of time in which to file his corrected brief, and documents that he needs in order to file his brief. The motions are now before this court. A cursory review of the record indicates that the circuit court failed to provide sufficient findings for our review. Accordingly, we defer consideration of the *350 motions and remand for further findings of fact.
Arkansas Rule of Civil Procedure 72 (2017) governs our review of a decision to grant or deny a petition to proceed in forma pauperis in a civil case. Watts v. Kelley , 2017 Ark. 189, 520 S.W.3d 249. Rule 72 conditions the right to proceed in forma pauperis in civil matters on indigency and the circuit court's satisfaction that the alleged facts indicate "a colorable cause of action." Ark. R. Civ. P. 72(c) (2017). Rule 72 mandates that the circuit court make a specific finding of indigency based on the petitioner's affidavit. Once satisfied that a petitioner is indigent, the circuit court must then be satisfied that the facts alleged by the petitioner state a colorable cause of action. Ark. R. Civ. P. 72(c).
If the circuit court failed to make the findings of fact mandated by Rule 72(c), this court must remand unless we can determine from the record before us that the appellant's cause of action could not proceed as a matter of law. See Ashby v. State , 2017 Ark. 233, 2017 WL 3300478 (forgoing remand where appellant sued the State of Arkansas instead of the tribunal toward whom his writ of prohibition was directed). Appellate courts do not make findings of fact. Ward v. Williams , 354 Ark. 168, 118 S.W.3d 513 (2003).
In its order denying pauper status for Gardner, the circuit court found only that Gardner had failed to allege facts that would support a colorable cause of action because he did not raise a claim in the submitted petition that was cognizable in habeas proceedings. The circuit court's order provided no findings on Gardner's status as indigent, and on that issue alone is deficient. In addition, the circuit court made only a conclusory statement regarding its determination that Gardner had failed to state a colorable cause of action. A colorable cause of action is a claim that is legitimate and may reasonably be asserted given the facts presented and the current law or a reasonable and logical extension or modification of it. Penn v. Gallagher , 2017 Ark. 283, 2017 WL 4683871. The order did not explain how the facts alleged by the petitioner failed to allege a cognizable claim.[1]
We accordingly remand to the circuit court for a supplemental order on the in forma pauperis petition that contains adequate findings of fact and complies with Rule 72. The order must include findings on Gardner's indigency and address the basis for its conclusion that the habeas petition failed to set forth a cognizable claim. The order is to be entered, and the supplemental record containing the order returned, within thirty days from the date of this opinion. Once the supplemental record is received, we will address Gardner's motions.
Remanded for findings of fact.
Wood, J., dissents.

In the habeas petition, Gardner alleged that the trial court lacked jurisdiction and that he was held under an invalid conviction. This court affirmed Gardner's convictions for capital murder and aggravated robbery. Gardner v. State , 364 Ark. 506, 221 S.W.3d 339 (2006). This is the judgment that Gardner challenged in the habeas petition.