RHONDA K. WOOD, Associate Justice
Appellant Roger D. Sims appeals the dismissal of his petition for writ of habeas corpus. Sims raises two grounds for reversal of the order-that the circuit court erred in rejecting his claim that he was subject to double jeopardy and that the sentence imposed on him was illegal. We find no error and affirm the order.
I. Background
In 2001, Sims pleaded guilty to rape and incest in the Craighead County Circuit Court and was sentenced to concurrent terms of imprisonment in the Arkansas Department of Correction (ADC) of 420 months for rape and 120 months for incest. In 2017, Sims, who is incarcerated in Texas, filed his habeas petition in the Jefferson County Circuit Court, that is, in the county where the headquarters of the ADC and its director are located.[1] See Hundley v. Hobbs , 2015 Ark. 70, at 7-8, 456 S.W.3d 755.
II. Grounds for Issuance of the Writ
A writ of habeas corpus is proper when a judgment of conviction is invalid on its face or when a circuit court lacks jurisdiction over the cause. Philyaw v. Kelley , 2015 Ark. 465, 477 S.W.3d 503. Jurisdiction is the power of the court to hear and determine the subject matter in controversy. Baker v. Norris , 369 Ark. 405, 255 S.W.3d 466 (2007). Under our statute, a petitioner for the writ who does not allege his actual innocence and proceed under Act 1780 of 2001 must plead either the facial invalidity of the judgment or the lack of jurisdiction by the trial court and make a showing by affidavit or other evidence of probable cause to believe that he is being illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2016). Unless the petitioner can show that the trial court lacked jurisdiction or that the commitment was *871 invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. Fields v. Hobbs , 2013 Ark. 416, 2013 WL 5775566.
III. Standard of Review
A circuit court's decision on a petition for writ of habeas corpus will be upheld unless it is clearly erroneous. Hobbs v. Gordon , 2014 Ark. 225, 434 S.W.3d 364. A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. Id.
IV. Double Jeopardy
Sims argues that his sentence was rendered illegal because he was found guilty of both rape and incest. We have held that, while some double-jeopardy claims are cognizable in habeas corpus proceedings, when the petitioner does not show that on the face of the commitment order there was an illegal sentence imposed, the claim does not implicate the jurisdiction of the court to hear the case, and the claim is not one that is cognizable. Edwards v. Kelley , 2017 Ark. 254, 526 S.W.3d 825. Sims did not make that showing because the face of the judgment does not establish that the two offenses are the same offense.
For purposes of double jeopardy, whether two offenses are the "same offense" depends on whether each statutory provision requires proof of a fact that the other does not. Under this criteria, rape and incest require the satisfaction of different elements and thus are separate offenses. Moreover, the issue is one that could have been raised before Sims entered his plea of guilty to rape and incest. See id. Sims did not meet his burden of establishing that his double-jeopardy claim was cognizable in a proceeding for a writ of habeas corpus.
V. Illegal Sentence
Sims contends that his sentence was rendered illegal because the judgment-and-commitment order required that he complete the ADC's RSVP program for sexual offenders while in prison. Here, the circuit court found that the judgment-and-commitment order did not contain this requirement. The court noted that the only requirement in the judgment was that Sims register as a sex offender.
Sims appended to his habeas petition a copy of what he purported to be the judgment-and-commitment order in his case. Handwritten at the top of the final page of the order are the words, "defendant is ordered to complete RSVP in prison." The body of the document does not contain any such language but only requires he register as a sex offender. The record does not contain a certified copy of the original judgment-and-commitment order for us to compare, however, the circuit court ruled that the order does not require completion of the RSVP program. Sims does not argue that he has been required to complete the RSVP program during his approximately sixteen years of incarceration. Considering the evidence as advanced by Sims, we cannot say that the circuit court erred in finding that the judgment-and-commitment order did not include a special condition of incarceration as part of Sims's sentence.
VI. Request for a Hearing
Sims asks that this court order a hearing to be held on his petition. We have noted that, while our statutory habeas corpus scheme contemplates a hearing in the event the writ is issued, there is no requirement that a hearing be given a petitioner regardless of the content of the *872 petition. Mackey v. Lockhart , 307 Ark. 321, 819 S.W.2d 702 (1991). A hearing is not required on a habeas petition, even when the petition alleges an otherwise cognizable ground, when probable cause for the issuance of the writ is not shown by affidavit or other evidence. As Sims failed to demonstrate probable cause for the issuance of the writ, the circuit court was not required to hold a hearing on his petition, and we decline to order a hearing on the claims. Johnson v. State , 2018 Ark. 42, 538 S.W.3d 819.
Affirmed.

Sims named the State of Arkansas as respondent to his petition for writ of habeas corpus. The circuit court noted that Arkansas Code Annotated section 16-112-105(b)(1) requires that the action be directed to the person in whose custody the prisoner is detained. Sims should have named Wendy Kelley, Director of the ADC. Nevertheless, Sims stated that he was filing his petition as a person in the custody of the ADC and the circuit court ruled on the claims in the habeas petition as though Sims had named Kelley.