COURTNEY HUDSON GOODSON, Associate Justice
Appellant Michael E. Rea appeals from the denial of his petition to proceed in the circuit court as a pauper with a petition for writ of habeas corpus. Pending before this court are Rea's motion for an extension to file his brief-in-chief and motion to file a belated brief. A review of the record and the order that denied Rea's in forma pauperis petition indicates that the circuit court failed to provide sufficient findings for this court to review. Accordingly, we defer consideration of the motions and remand for further findings of fact.
Arkansas Rule of Civil Procedure 72 (2017) governs our review of a decision to grant or deny a petition to proceed in forma pauperis in a civil case. Gardner v. Kelley , 2018 Ark. 212, 549 S.W.3d 349. Rule 72 conditions the right to proceed in forma pauperis in civil matters on indigency and the circuit court's satisfaction that the alleged facts indicate "a colorable cause of action." Ark. R. Civ. P. 72(c). Rule 72 mandates that the circuit court make a specific finding of indigency based on the petitioner's affidavit. Id. Once satisfied that a petitioner is indigent, the circuit court must then be satisfied that the facts alleged by the petitioner state a colorable cause of action. Ark. R. Civ. P. 72(c). If the *747 circuit court failed to make the findings of fact mandated by Rule 72(c), this court must remand unless we can determine from the record before us that the appellant's cause of action could not proceed as a matter of law. Id.
In Gardner , the circuit court found only that petitioner had failed to allege facts that would support a colorable cause of action because he did not raise a claim in the submitted petition that was cognizable in habeas proceedings. Gardner , 2018 Ark. 212, 549 S.W.3d 349. Likewise, the order in this case denied Rea pauper status on the basis that Rea had failed to state a cognizable claim for habeas relief and had therefore failed to state a colorable cause of action. A colorable cause of action is a claim that is legitimate and may reasonably be asserted given the facts presented and the current law or a reasonable and logical extension or modification of it. Penn v. Gallagher , 2017 Ark. 283, 2017 WL 4683871.
We pointed out in Gardner that the circuit court is required under Rule 72 to enter specific findings on a petitioner's indigency before addressing issues as to whether the petitioner had stated a colorable claim. 2018 Ark. 212, 549 S.W.3d 349. If the circuit court's order does not provide findings on a petitioner's indigent status, such an omission will render the order deficient under Rule 72. Id. Moreover, the circuit court is required by Rule 72 to explain the basis for its conclusion that a petitioner has failed to state a colorable cause of action by making specific findings that delineate why a petitioner failed to allege a cognizable claim for habeas relief. Id.
Accordingly, we remand to the circuit court for a supplemental order on the in forma pauperis petition that contains adequate findings of fact and complies with Rule 72. The order must include findings on Rea's indigency and address the basis for its conclusion that the habeas petition failed to set forth a cognizable claim. The order is to be entered, and the supplemental record containing the order is to be returned within thirty days from the date of this opinion. Once the supplemental record is received, we will address Rea's motions.
Remanded for additional findings of fact.