Cite as 2018 Ark. 384

# SUPREME COURT OF ARKANSAS.

No. CV-18-384

| | |
|---|---|
| JAMES EDWARD WHITNEY<br>APPELLANT<br><br>V.<br><br>WENDY KELLEY, DIRECTOR,<br>ARKANSAS DEPARTMENT OF<br>CORRECTION<br>APPELLEE | Opinion Delivered: December 20, 2018<br><br>PRO SE NOTICE AND ADVISEMENT<br>(MOTION TO FILE NONCONFORMING<br>BRIEF)<br>[LINCOLN COUNTY CIRCUIT COURT,<br>NO. 40CV-17-60]<br><br><br>REMANDED FOR ADDITIONAL<br>FINDINGS; MOTION MOOT. |

COURTNEY HUDSON GOODSON, Associate Justice

Appellant James Edward Whitney appeals the denial by the circuit court of his petition to proceed in forma pauperis with respect to Whitney's pro se petition for writ of habeas corpus. Now before us is Whitney's motion, entitled "Notice and Advisement," in which he seeks leave to file a brief on appeal that does not conform to the rules of this court. Because we find that it is clear from the record that further findings from the circuit court are necessary for our review, the matter is remanded to the circuit court. The motion to file a nonconforming brief is moot inasmuch a new briefing schedule will be set when the remand is returned.

The initial order setting the initial filing fee was entered on June 29, 2017. It was set aside in an order entered April 9, 2018, in which the court held that Whitney had

established that he was indigent, but he had failed to state a colorable cause of action in the habeas petition. For that reason, he was required to submit the filing fee for the petition.

Arkansas Rule of Civil Procedure 72 (2017) governs our review of a decision to grant or deny a petition to proceed in forma pauperis in a civil case. *Gardner v. Kelley*, 2018 Ark. 212, 549 S.W.3d 349. Rule 72 conditions the right to proceed in forma pauperis in civil matters on indigency and the circuit court's satisfaction that the alleged facts indicate "a colorable cause of action." Ark. R. Civ. P. 72(c). Rule 72 mandates that the circuit court make a specific finding of indigency based on the petitioner's affidavit. *Gardner*, 2018 Ark. 212, 549 S.W.3d 349. Once satisfied that a petitioner is indigent, the circuit court must then be satisfied that the facts alleged by the petitioner state a colorable cause of action. Ark. R. Civ. P. 72(c). If the circuit court failed to make the findings of fact mandated by Rule 72(c), this court must remand unless we can determine from the record before us that the appellant's cause of action could not proceed as a matter of law. *Gardner*, 2018 Ark. 212, 549 S.W.3d 349.

In *Gardner*, the circuit court found only that petitioner had failed to allege facts that would support a colorable cause of action because he did not raise a claim in the submitted petition that was cognizable in habeas proceedings. 2018 Ark. 212, 549 S.W.3d 349. Likewise, the order in this case denied Whitney pauper status on the basis that Whitney had failed to state a cognizable claim for habeas relief and had therefore failed to state a colorable cause of action. A colorable cause of action is a claim that is legitimate and may

2

reasonably be asserted given the facts presented and the current law or a reasonable and logical extension or modification of it. *Penn v. Gallagher*, 2017 Ark. 283.

We pointed out in *Gardner* that the circuit court is required under Rule 72 to enter specific findings on a petitioner's indigency before addressing issues as to whether the petitioner had stated a colorable claim. 2018 Ark. 212, 549 S.W.3d 349. If the circuit court's order does not provide findings on a petitioner's indigent status, such an omission will render the order deficient under Rule 72. *Id.* Moreover, the circuit court is required by Rule 72 to explain the basis for its conclusion that a petitioner has failed to state a colorable cause of action by making specific findings that delineate why a petitioner failed to allege a cognizable claim for habeas relief. *Id.*

Accordingly, we remand to the circuit court for a supplemental order on the in forma pauperis petition that contains adequate findings of fact and complies with Rule 72. The order must include findings on Whitney's indigency and address the basis for its conclusion that the habeas petition failed to set forth a cognizable claim. The order is to be entered, and the supplemental record containing the order is to be returned within thirty days from the date of this opinion. Once the supplemental record is received, a copy of it will be provided to Whitney and a new briefing schedule will be set for the appeal.

Remanded for additional findings; motion moot.

KEMP, C.J., and WOOD, J., dissent.

**RHONDA K. WOOD, Justice, dissenting**. Before the court is Whitney's pro se motion to accept his tendered brief. I would grant his motion and accept his brief for

3

filing. Currently, there are no briefs filed before this court. Nevertheless, the majority reviews the record for the circuit court's order and remands for the circuit court to make specific findings as to why Whitney's claim did not state a colorable cause of action. Because Rule 72 does not require the circuit court to make specific findings on its colorable-cause-of-action analysis, I dissent.

Arkansas Rule of Civil Procedure 72(c) (2017) only requires the circuit court to make "a finding regarding indigency." It does not require the circuit court to make specific findings on whether the claim states a colorable cause of action. Although in *Gardner* this court remanded for a specific finding on whether the claim identified a colorable cause of action, we also remanded for findings on the petitioner's indigency. *Gardner v. Kelley*, 2018 Ark. 212, 549 S.W.3d 349 (Wood, J., dissenting). Therefore, Rule 72 dictated that we remand *Gardner* regardless. *Id.* Here, there is no other reason to remand. This court is creating a new requirement for circuit courts under Rule 72. If this court deems it necessary for circuit courts to make findings of fact on colorable causes of action, in addition to indigency, we should amend the rules of procedure. It is a more comprehensive process. For these reasons, I dissent.

KEMP, C.J., joins in this opinion.