Cite as 2019 Ark. 230

# SUPREME COURT OF ARKANSAS
No. CV-19-40

|  |  |
|---|---|
| ERIC JOHNSON<br>APPELLANT | **Opinion Delivered** June 20, 2019 |
| V.<br><br>WENDY KELLEY, DIRECTOR,<br>ARKANSAS DEPARTMENT OF<br>CORRECTION<br>APPELLEE | PRO SE MOTION TO FILE A<br>SUPPLEMENTAL ADDENDUM AND<br>SUBSTITUTED BRIEF; MOTION FOR<br>COPY OF RECORD AT PUBLIC<br>EXPENSE; MOTION FOR RULE ON<br>CLERK; MOTION TO FILE<br>SUBSTITUED BRIEF AND<br>SUPPLEMENTAL ADDEDUM AND<br>REQUEST TO WITHDRAW PENDING<br>MOTIONS [LINCOLN COUNTY<br>CIRCUIT COURT, NO. 40CV-18-129]<br><br><u>APPEAL DISMISSED; MOTIONS MOOT</u>. |

**ROBIN F. WYNNE, Associate Justice**

Appellant Eric Johnson appeals the circuit court's dismissal of his pro se petition for a writ of habeas corpus. In 2011, Johnson pleaded guilty to attempted first-degree murder and first-degree battery and was sentenced to an aggregate term of 540 months' imprisonment. Johnson alleged in his habeas petition that his sentence was illegal because the trial court failed to pronounce sentence in open court at the conclusion of the plea hearing in violation of Arkansas Code Annotated section 16-90-106(d) (Repl. 2006). Johnson's brief-in-chief was tendered to this court, but it was not filed because the addendum lacked a file-marked copy of his notice of appeal and the habeas petition that he

had filed in circuit court.  Thereafter, Johnson filed pro se motions to file a supplemental addendum and substituted brief, for a copy of the record at public expense, and for rule on clerk to file the tendered brief-in-chief.  Johnson subsequently obtained a copy of the record that contained a file-marked copy of his habeas petition and notice of appeal and tendered a brief with a compliant supplemental addendum, together with a motion to file the substituted brief and supplemental addendum; he also asked that his previous motions be withdrawn.

An appeal from an order that denied a petition for postconviction relief, including a petition for writ of habeas corpus, will not be permitted to go forward when it is clear from the record that the appellant could not prevail.  *Love v. Kelley*, 2018 Ark. 206, 548 S.W.3d 145.  Because Johnson failed to demonstrate that the sentence was illegal on its face or the trial court lacked jurisdiction, he cannot prevail.  We therefore dismiss the appeal, which renders his motions moot.

A circuit court's decision on a petition for writ of habeas corpus will be upheld unless it is clearly erroneous.  *Anderson v. Kelley*, 2019 Ark. 6, 564 S.W.3d 516.  A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made.  *Id.*

A writ of habeas corpus is proper when a judgment of conviction is invalid on its face or when a circuit court lacks jurisdiction over the cause.  *Philyaw v. Kelley*, 2015 Ark. 465, 477 S.W.3d 503.  Unless the petitioner can show that the trial court lacked

2

jurisdiction or that the commitment was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. *Fields v. Hobbs*, 2013 Ark. 416. This court views an issue of a void or illegal sentence as being an issue of subject-matter jurisdiction. *Donaldson v. State*, 370 Ark. 3, 257 S.W.3d 74 (2007). A sentence is void or illegal when the trial court lacks authority to impose it. *Id.* In Arkansas, sentencing is entirely a matter of statute, and this court has consistently held that sentencing shall not be other than in accordance with the statute in effect at the time of the commission of the crime. *Philyaw*, 2015 Ark. 465, 477 S.W.3d 503. When the law does not authorize the particular sentence pronounced by a trial court, that sentence is unauthorized and illegal. *Id.*

A habeas corpus proceeding does not afford a prisoner an opportunity to retry his case. *Johnson v. State*, 2018 Ark. 42, 538 S.W.3d 819. Claims of error by the trial court that accepted a guilty plea are not within the purview of the remedy because the writ will not be issued to correct errors or irregularities that occurred in a guilty-plea proceeding. *Id.* Unless a habeas petitioner can demonstrate that a sentence is illegal on the face of the judgment-and-commitment order, there is no showing that the trial court lacked jurisdiction to impose it. *Edwards v. Kelley*, 2017 Ark. 254, 526 S.W.3d 825.

Challenges to a plea hearing for failure to follow the mandates of section 16-90-106 must be raised at the time of the hearing before it will be considered by this court on appeal. *Willis v. State*, 299 Ark. 356, 772 S.W.2d 584 (1989); *Goff v. State*, 341 Ark. 567, 19 S.W.3d 579 (2000). This is because an error in a plea proceeding is not a jurisdictional defect. *See Noble v. Norris*, 368 Ark. 69, 243 S.W.3d 260 (2006) (Failure to follow the

3

statutory procedure in the exercise of a court's authority constitutes reversible error but does not deprive the court of jurisdiction.). A violation of section 16-90-106 does not implicate the trial court's jurisdiction or render a sentence illegal.

The face of the order of conviction demonstrates that Johnson was convicted as a habitual offender under Arkansas Code Annotated section 5-4-501(a)(1) (Repl. 2006), of a Class A felony for attempted murder, and a Class B felony for battery. Johnson was sentenced to concurrent terms of imprisonment of 540 months for attempted murder and 340 months for battery. Under the habitual-offender statute cited above, a Class A felony carries a maximum sentence of fifty years' imprisonment, and a Class B felony carries a maximum sentence of thirty years' imprisonment. *See* Ark. Code Ann. § 5-4-501(a)(1)(C)(2). Johnson's concurrent sentences fell within the maximum sentences allowed under the law at the time the offenses were committed. In sum, Johnson's sentences are not illegal on the face of the judgment, and there is no showing that the trial court lacked jurisdiction to impose the sentences authorized under the law. *Edwards*, 2017 Ark. 254, 526 S.W.3d 825.

Appeal dismissed; motions moot.

HART, J., dissents.

**JOSEPHINE LINKER HART, Justice, dissenting.** I dissent for the reasons set forth in *Stephenson v. Kelley*, 2018 Ark. 143, 544 S.W.3d 44 (Hart, J., dissenting). As set forth therein, the majority's conception of habeas corpus is dated, senselessly narrow, and legally incorrect.

4

Moreover, the majority's suggestion that, because the sentence to which he pled guilty falls within the acceptable statutory sentencing range, Johnson can therefore never prevail on habeas grounds, is frustrating. It is true that the term of years contained in the sentence on Johnson's commitment order is within the acceptable range pursuant to Ark. Code Ann. § 5-4-501(a)(1). Ark. Code Ann. § 5-4-501(a)(1) allows for a sentence with an expanded term of years for a felony committed by an individual who has previously been convicted of between one and four felonies. Indeed, the transcript from Johnson's plea hearing indicates his acknowledgement of one prior conviction from Louisiana for illegal possession of stolen things and one prior conviction from Arkansas for second-degree murder. These prior convictions would support his expanded sentence of forty-five (with thirty concurrent) years on the present charges.

However, the present claim Johnson asserts in his habeas corpus petition has nothing to do with the application of Ark. Code Ann. § 5-4-501(a)(1) to his sentence's term of years. Instead, Johnson takes issue with the apparent application of Ark. Code Ann. § 5-4-501(d), a separate provision of the habitual-offender statute that precludes consideration of parole eligibility in certain cases. Ark. Code Ann. § 5-4-501(d) provides that one who has previously been convicted of two or more felonies involving violence and is subsequently convicted of another felony involving violence shall not be eligible for parole for the sentence corresponding to the latter conviction.

Johnson is not complaining about the length of his sentence; he is complaining about the fact that he is being denied consideration for parole. Johnson is being denied

5

parole consideration under the guise that his commitment order provides that he was "sentenced as habitual" and therefore ineligible for parole, but his commitment order does not so provide. The order only reflects the imposition of Ark. Code Ann. § "5-4-501(a)(1)," which authorizes an extended term of years; it says nothing of Ark. Code Ann. § 5-4-501(d), which precludes parole eligibility.

The rest of the record also supports Johnson's complaint. The transcript from Johnson's plea hearing contains no discussion whatsoever of Ark. Code Ann. § 5-4-501(d) or any impact upon Johnson's parole eligibility. The only prior convictions (one violent, one not) discussed at the plea hearing pertained to the basis for the extended sentence of forty-five years pursuant to Ark. Code Ann. § 5-4-501(a)(1); there is no indication in this record of any "two" prior violent felonies that would be necessary to justify imposition of § 5-4-501(d). In short, every indication in the record here supports Johnson's assertion that he is supposed to be eligible for parole on the sentence he is presently serving.

This is a problem. If Johnson was intended to be sentenced without the possibility of parole, making that information part of his plea record would have been necessary because a criminal defendant is, and must be, "entitled to know the effect of his sentence." *Culpepper v. State*, 268 Ark. 263, 267, 595 S.W.2d 220, 222 (1980). Furthermore, "[a]ll sentences made, rendered, or pronounced by any of the courts of the state against anyone without actual or constructive notice, and all proceedings had under such sentences, shall be absolutely null and void." Ark. Code Ann. § 16-90-103.

6

Finally, a brief review of Johnson's charges suggests that, had he known he would be required to serve 100 percent of the forty-five-sentence he had been offered by the prosecution (instead of 50 percent, as he was told by his attorney), he may very well have elected to go to trial in hopes of a lesser conviction or sentence from the jury. This was, or should have been, Johnson's decision to make, and depriving him of that decision violates his due-process rights. Johnson's claim should be cognizable on habeas corpus grounds. I dissent.