Cite as 2019 Ark. 313

# SUPREME COURT OF ARKANSAS

No. CV–19–287

| | |
|---|---|
| TIMOTHY MACK CLEMMONS<br><br>APPELLANT<br><br>V.<br><br>WENDY KELLEY, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION<br><br>APPELLEE | **Opinion Delivered:** October 31, 2019<br><br>PRO SE APPEAL FROM THE CHICOT COUNTY CIRCUIT COURT<br>[NO. 09CV-19-5]<br><br>HONORABLE QUINCEY ROSS, JUDGE<br><br><u>REMANDED FOR FINDINGS OF FACT AND CONCLUSIONS OF LAW</u>. |

**SHAWN A. WOMACK, Associate Justice**

Appellant Timothy Mack Clemmons filed a pro se petition for leave to proceed in forma pauperis in the circuit court of the county where he is incarcerated, and he appeals the order denying that petition. Clemmons sought to proceed as a pauper with a petition for writ of habeas corpus. The circuit court found that the in forma pauperis petition should be denied without elaboration, and Clemmons contends that the order is insufficient. He asks that this court remand for further findings of fact. The appellee, who is the director of the Arkansas Department of Correction, agrees that the order is not sufficient for appellate review and concedes that a remand is warranted. We remand for the circuit court to provide findings of fact and conclusions of law on Clemmons's indigency and whether the pro se habeas petition that Clemmons would pursue puts forth a colorable cause of action.

Arkansas Rule of Civil Procedure 72 (2018) conditions the right to proceed in forma pauperis in civil matters on indigency and the circuit court's satisfaction that the alleged facts indicate "a colorable cause of action." Ark. R. Civ. P. 72(c). Rule 72 mandates that the circuit court make a specific finding of indigency based on the petitioner's affidavit. *Gardner v. Kelley*, 2018 Ark. 212, 549 S.W.3d 349. While it is erroneous not to include findings on the petitioner's indigency, when there are obvious defects in the underlying petition, this court may nevertheless dispose of an appeal from the denial of in forma pauperis proceedings. *Burgie v. State*, 2019 Ark. 77. If the underlying petition clearly fails to state a colorable cause of action, there has been no abuse of discretion, and this court may summarily affirm the denial of in forma pauperis status. *Id.*

Clemmons sought to challenge two judgments in his habeas petition that he would pursue as a pauper: one reflecting his conviction on three counts of unlawful discharge of a firearm, and another on a charge for possession of a firearm. Clemmons sought habeas relief on two bases. He alleged a double-jeopardy violation in the three convictions for unlawful discharge and insufficient evidence to support the conviction for possession. Challenges to the sufficiency of the evidence fall outside the scope of habeas proceedings. *Ratliff v. Kelley*, 2018 Ark. 105, 541 S.W.3d 408. Some claims of double jeopardy, however, are cognizable in a habeas proceeding. *Pelletier v. Kelley*, 2018 Ark. 347, 561 S.W.3d 730. Yet when the petitioner does not demonstrate that on the face of the commitment order there was an illegal sentence imposed, a double-jeopardy claim does not implicate the jurisdiction of the court to hear the case, and the claim is not cognizable. *Edwards v. Kelley*, 2017 Ark. 254, 526 S.W.3d 825; *see also Sims v. State*, 2018 Ark. 271, 555 S.W.3d 868 (holding that when

rape and incest required the satisfaction of different elements, appellant's double-jeopardy claim was not one cognizable for the writ).

Clemmons alleged at least one basis for the writ that is potentially cognizable in proceedings for the writ, and while the claim may fail under further scrutiny, it is not obviously defective. Because the circuit court provided no findings and the director has not alleged at this juncture that the habeas petition contains obvious defects, we remand without further considering whether the petition stated a colorable cause of action. The circuit court is to enter its order setting forth its findings in accordance with Rule 72 as directed in this opinion, and the supplemental record containing the order is to be returned within thirty days from the date of this opinion. Once the supplemental record is received, our clerk is directed to set a new briefing schedule.

Remanded for findings of fact and conclusions of law.

*Timothy Mack Clemmons*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Joseph Luebke*, Ass't Att'y Gen., for appellee.