Cite as 2020 Ark. 157

# SUPREME COURT OF ARKANSAS
No. CV-17-616

| | |
|---|---|
| RUSSELL BERGER | Opinion Delivered: April 23, 2020 |
| APPELLANT | |
| | PRO SE APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SIXTH DIVISION |
| V. | [NO. 60CV-17-1695] |
| BILL BRYANT, DIRECTOR, ARKANSAS STATE POLICE | |
| APPELLEE | HONORABLE TIMOTHY DAVIS FOX, JUDGE |
| | AFFIRMED. |

RHONDA K. WOOD, Associate Justice

Appellant Russell Berger sought to proceed in forma pauperis on a petition for writ of mandamus and a motion for declaratory judgment. The circuit court denied the petition to proceed in forma pauperis without further elaboration. Berger contends on appeal that the order should be reversed.[1] Because Berger failed to state a colorable cause of action, the circuit court did not abuse its discretion when it denied the petition. We affirm.

Arkansas Rule of Civil Procedure 72 conditions the right to proceed in forma pauperis in civil matters on indigency and the circuit court's satisfaction that the alleged facts indicate "a colorable cause of action." Ark. R. Civ. P. 72(c) (2019). Rule 72 mandates that the circuit court make a specific finding of indigency based on the petitioner's

---

[1]The State did not file a responsive brief.

affidavit. *Id.* A colorable cause of action is a claim that is legitimate and may be reasonably asserted given the facts presented and the current law or a reasonable and logical extension or modification of it. *Rea v. Kelley*, 2019 Ark. 339, 588 S.W.3d 715.

Our standard of review of a decision to grant or deny a petition to proceed in forma pauperis is abuse of discretion, and the circuit court's factual findings will not be reversed unless clearly erroneous. *Id.* An abuse of discretion occurs when the court acts arbitrarily or groundlessly. *Id.* If the underlying petition clearly fails to state a colorable cause of action, there has been no abuse of discretion, and this court may summarily affirm the denial of in forma pauperis status. *Clemmons v. Kelley*, 2019 Ark. 313.

In his petition for the writ, Berger claimed he wrote Director Bill Bryant and requested the records in his 1998 rape conviction, and Bryant responded that Arkansas Code Annotated sections 25-19-101 to -107 (Supp. 2019) exempt disclosure of public state records to "prisoners" under the Arkansas Freedom of Information Act (FOIA).[2] Berger claimed he made two subsequent written requests but received no response. Berger specifically contended that he was entitled to copies of all information concerning his 1998 Faulkner County conviction for rape, copies of inventory of property given to the Arkansas State Police taken by the Arkansas Department of Correction personnel in April 2016, the name of one of the investigating officers, and the status of any current investigation.

---

[2]Berger noted he did not attach any response from Bryant as "it was lost in the shakedown and seizure of property that took place April 22, 2016."

Declaratory relief may be granted if the petitioner establishes (1) that there is a justiciable controversy; (2) that the controversy is between persons whose interests are adverse; (3) that the party seeking relief has a legal interest in the controversy; and (4) that the issue involved in the controversy is ripe for judicial determination. *Rogers v. Knight*, 2017 Ark. 267, 527 S.W.3d 719. A controversy is justiciable when a claim of right is asserted against one who has an interest in contesting it. *Id.*

Berger seeks information pursuant to the FOIA, which provides that public records are available for inspection and copying by Arkansas citizens. Ark. Code Ann. § 25-19-105(a)(1)(A) (Supp. 2019). However, "undisclosed investigations by law enforcement agencies of suspected criminal activities" "shall not be deemed to be made open to the public." Ark. Code Ann. § 25-19-105(b)(6) (Supp. 2019). Moreover, the FOIA further prohibits access to any public record to a "person who at the time of the request has pleaded guilty to or been found guilty of a felony and is incarcerated in a correctional facility[.]" Ark. Code Ann. § 25-19-105(a)(1)(B)(i) (Supp. 2019).

Berger is an incarcerated person, which precludes him from access to any public record had he attempted to make a request for "public records." Thus, even if Berger had requested disclosable information, he would not be entitled to inspect it. Simply put, there is no justiciable controversy or claim against either Bryant or the Arkansas State Police

because Berger is not entitled to inspect their public records.[3] While there are legal avenues for a defendant to access certain records in his or her criminal case, this particular FOIA action is not one. *See* Ark. Code Ann. § 12-12-312(a)(1)(A)(i), (ii) (Supp. 2019) (requiring the state crime laboratory to grant a defendant access to records, files, and information pertaining to his or her criminal case).

Berger has not demonstrated a legitimate claim given the facts presented; therefore, he has not established a colorable cause of action to support his request to proceed in forma pauperis. Because Berger failed to plead facts necessary to state a cause of action of declaratory judgment, he also failed to state a case supporting issuance of a writ of mandamus. *See Crawford v. Cashion*, 2010 Ark. 124, 361 S.W.3d 268.

Last, we note that Berger filed his brief on January 17, 2018. Eventually, he had three cases pending in this court—CV-17-616, CV-17-385, and CV-18-246—and others pending in federal court. The parties filed a joint motion to stay in CV-18-246 providing that the parties had agreed to dismiss "all of Berger's open cases" upon the State finalizing his transfer to a prison in another state. This court granted the motion, and no action was

---

[3]This conclusion is consistent with *Department of Arkansas State Police v. Keech Law Firm, P.A.*, 2017 Ark. 143, 516 S.W.3d 265. There, a law firm requested an unsolved-murder file from the state police department. *Id.* at 2, 561 S.W.3d at 267. We noted that the undisclosed-investigation exemption did not apply because the fifty-four-year-old investigation was not "open and ongoing." *Id.* at 4, 561 S.W.3d at 268. But because the records request came from a law firm, we did not opine whether disclosure would have been required if the request came from an incarcerated person. Thus, *Keech* has no relevance to Berger's petition.

taken on Berger's cases during the stay. The parties filed a joint motion to dismiss on September 24, 2019, and listed the six pending cases that the parties had agreed to dismiss. Although the other pending cases were included in the motion, this case was not. Once this court granted the motion to dismiss on October 31, 2019, the Criminal Justice Coordinator's office was notified this case was not included in the dismissal. As a result, the process was initiated to have this appeal submitted to the court in early 2020.

Ultimately, we find that Berger is not entitled to proceed as an indigent and affirm the order.

Affirmed.

HART, J., dissents.

**JOSEPHINE LINKER HART, Justice, dissenting.**  I dissent. Taking and affirming this case violates our rules of jurisdiction, stare decisis, and statutory construction.

First, this is a simple civil appeal from the denial of a petition to proceed in forma pauperis. In accordance with Arkansas Supreme Court Rule 1-2(a), it should have been filed in the court of appeals. However, because it was filed by an inmate in the Arkansas Department of Correction, it was handled by the Criminal Justice Coordinator who neither set it for decision nor filed it in the court of appeals. This was unfortunate for Mr. Berger.

This simple civil appeal was received in the Justice Building on January 17, 2018, and languished until it was finally submitted for decision on March 19, 2020. Had it been decided in 2018, as almost all of its contemporary filings were, it is likely that the venerable doctrine of stare decisis would have still been in vogue.  In 2018, this court handed down

5

two decisions *Whitney v. Kelley*, 2018 Ark. 384, 562 S.W.3d 208; and *Gardner v. Kelley*, 2018 Ark. 212, 549 S.W.3d 349, as well as Mr. Berger's own appeal of his challenge to setting a partial filing fee *Berger v. Kelley*, 2018 Ark. 381, 563 S.W.3d 557. In each of these cases, this court held that in an appeal of the denial of a petition to proceed in forma pauperis, remand was required if the circuit court failed to make the factual findings required by Rule 72 of the Arkansas Rules of Civil Procedure. These holdings control here; the circuit court denied Berger's in forma pauperis petition without making any findings, so these holdings require at least a remand to the circuit court for further proceedings.

The end of 2018, however, ushered in the current disregard for the express terms of Rule 72 and stare decisis. In *Timmons v. State*, 2018 Ark. 361, 562 S.W.3d 824, without formal acknowledgement--save for my dissent--that it was overruling *Whitney*, *Gardner*, and *Berger*, this court embarked on a "right for any reason" approach. Note that the motions for stays, cited by the majority as an excuse for the inaction on Berger's filings, were not filed until 2019, <u>well after</u> Berger's appeal should have been submitted and *Timmons* was handed down. Then, as now, I question the propriety of excusing lower courts from performing the duties expressly required of them by our rules and opinions interpreting the rules.

But affirming this case does not pass muster even under the "right for any reason" approach. The problem with "right for any reason" in the case before us is that the majority is clearly wrong in its conclusion that Mr. Berger did not state a colorable cause of

6

action. Mr. Berger is entitled to at least some of the information that he has requested under the Arkansas Freedom of Information Act (AFOIA). AFOIA gives a citizen two means of accessing information held by state actors. The first mode, set out in Arkansas Code Annotated section 25-19-105(a)(1)(A), gives any citizen the right of direct access to the information. The majority correctly notes that access to the records for "inspection" is not available to "(i) [a] person who at the time of the request has pleaded guilty to or been found guilty of a felony and is incarcerated in a correctional facility."

However, the second mode, outlined in section 25-19-105(a)(2), involves making a request to the records custodian to provide copies of the requested information. In pertinent part, the statute states:

> (2)(A) A citizen may make a request to the custodian to inspect, copy, or receive copies of public records.
>
> (B) The request may be made in person, by telephone, by mail, by facsimile transmission, by electronic mail, or by other electronic means provided by the custodian.
>
> (C) The request shall be sufficiently specific to enable the custodian to locate the records with reasonable effort.

The plain meaning of the statute is clear. AFOIA gives all citizens the right to access public records. For obvious reasons, it merely restricts an incarcerated felon from exercising a statutory right to obtain the desired information by personally accessing the files.

Mr. Berger submitted a proper request by mail and is entitled to the information that is not expressly shielded by statute. This is certainly the case of the investigatory file

7

regarding his 1998 conviction, at the very least. I would reverse the circuit court and grant Mr. Berger's petition to proceed as a pauper.

I dissent.

*Russell Berger*, pro se appellant.

One brief only.