Cite as 2021 Ark. 47

# SUPREME COURT OF ARKANSAS

No. CV-19-287

| | |
|---|---|
| TIMOTHY MACK CLEMMONS<br><br>APPELLANT<br><br>V.<br><br>WENDY KELLEY, DIRECTOR,<br>ARKANSAS DEPARTMENT OF<br>CORRECTION<br><br>APPELLEE | **Opinion Delivered:** March 4, 2021<br><br>PRO SE APPEAL FROM THE CHICOT<br>COUNTY CIRCUIT COURT<br>[NO. 09CV-19-5]<br><br>HONORABLE QUINCEY ROSS,<br>JUDGE<br><br><u>AFFIRMED</u>. |

**SHAWN A. WOMACK, Associate Justice**

Timothy Clemmons appeals from the denial of his petition to proceed in forma pauperis in connection with a petition for a writ of habeas corpus. The circuit court determined that Clemmons failed to state a colorable cause of action. We agree and affirm.

## I.

Following a heated telephone conversation with his ex-girlfriend, Clemmons fired five gunshots at her house from his car. Two bullets entered the bedroom where she and her two young children were playing. One child was shot and severely injured. Clemmons was convicted of three counts of unlawful discharge of a firearm from a vehicle. Each charge reflected each of the three individuals in the home. One count was in the first degree and two counts were in the second degree. He received a firearm enhancement and was sentenced as a habitual offender to an aggregate term of 72 years' imprisonment. The Court of Appeals affirmed. *See Clemmons v. State*, 2010 Ark. App. 810.

In 2019, Clemmons petitioned for leave to proceed in forma pauperis on an underlying petition for writ of habeas corpus. He sought habeas relief based on an alleged double jeopardy

violation and insufficient evidence supporting his firearm enhancement. We first reviewed this matter following the circuit court's summary denial of the petition to proceed as a pauper. *See Clemmons v. Kelley*, 2019 Ark. 313. We remanded for specific findings of fact and conclusions of law under Arkansas Rule of Civil Procedure 72 (2018), which governs the right to proceed in forma pauperis in civil matters. *Id*. On remand, the circuit court reviewed the claims for habeas relief and concluded that the petition failed to state a colorable cause of action. It denied Clemmons's petition to proceed as a pauper in a supplemental order. This appeal followed.

II.

As a preliminary matter, we reject Clemmons's contention that the circuit court merely reiterated its previous order summarily denying his petition. The initial order consisted of a one-sentence conclusory denial and failed to include any findings. On remand, the court entered a supplemental order with numerous paragraphs providing factual findings and conclusions of law. Though the petition to proceed as a pauper was denied in both orders, the supplemental order did not simply restate the original order. We may accordingly turn to the merits of the appeal.

In denying his petition to proceed in forma pauperis, Clemmons contends the circuit court wrongfully concluded that his double jeopardy claim failed to state a colorable cause of action.[1] The right to proceed in forma pauperis is conditioned on the petitioner's indigency and the circuit court's satisfaction that the alleged facts indicate a colorable cause of action. Ark. R. Civ. P. 72(c). In ruling on a petition under Rule 72, the court "shall make a finding regarding indigency." *Id*. If satisfied from the facts alleged that the petitioner has a colorable cause of

---

[1]Clemmons's challenge to the sufficiency of the evidence was abandoned on appeal.

action, the court may grant pauper status. *Id.* A colorable cause of action is a claim that is legitimate and may be reasonably asserted given the facts presented and the current law or a reasonable and logical extension or modification of it. *See Watts v. Kelley*, 2019 Ark. 207, at 2, 575 S.W.3d 558, 559.

The denial of a petition to proceed in forma pauperis is reviewed for abuse of discretion. *See Berger v. Bryant*, 2020 Ark. 157, at 2, 598 S.W.3d 36, 38. Discretion is abused when the court acts arbitrarily or groundlessly. *Id.* Factual findings will not be disturbed absent clear error. *Id.* Rule 72(c)'s use of the mandatory "shall" obligates the court to make a finding regarding indigency. The circuit court failed to make this requisite finding. Instead, it addressed only whether the facts alleged a colorable cause of action. This omission was erroneous. *See Clemmons*, 2019 Ark. 313, at 2. Despite this error, if the underlying petition clearly fails to state a colorable cause of action, there has been no abuse of discretion and we may summarily affirm. *See Berger*, 2020 Ark. 157, at 2, 598 S.W.3d at 38.

In Clemmons's underlying petition, he sought a writ of habeas corpus based on alleged violations of double jeopardy. As relevant here, a petitioner seeking a writ of habeas corpus must plead either the facial invalidity of the judgment or a lack of jurisdiction by the trial court. *See id.*; Ark. Code Ann. § 16–112–103(a)(1) (Repl. 2016). The petitioner must make a showing by affidavit or other evidence of probable cause to believe that he is being illegally detained. *Id.* The burden is on the petitioner to establish with factual support that he is entitled to issuance of the writ. *Id.* A decision to deny a request for pauper status may turn on whether the petitioner pleaded sufficient facts in his habeas petition to support his claims for habeas relief. *See Rea v. Kelley*, 2019 Ark. 339, at 4, 588 S.W.3d 715, 718.

According to Clemmons, double jeopardy was violated because the three counts of unlawful discharge of a firearm arose from a single occurrence and each count required the same elements of proof. Some double jeopardy claims are cognizable in habeas proceedings. *See Sims v. State*, 2018 Ark. 271, at 3, 555 S.W.3d 868, 871. To allege a cognizable claim, Clemmons was required to show there was an illegal sentence imposed on the face of the commitment order. *Id*. He failed to do so.

The face of the judgment reflects that Clemmons was convicted of one count of first-degree unlawful discharge of a firearm from a vehicle and two counts of the offense in the second degree. The first-degree offense, a class Y felony, occurs when a person "knowingly discharges a firearm from a vehicle and by the discharge of the firearm causes death or serious physical injury to another person." *See* Ark. Code Ann. § 5-74-107(a) (Repl. 2005). The second-degree offense, a class B felony, occurs when a person "recklessly discharges a firearm from a vehicle in a manner that creates a substantial risk of physical injury to another person or property damage to a home, residence, or other occupiable structure." *See* Ark. Code Ann. § 5-74-107(b).

For purposes of double jeopardy, whether two offenses are the "same offense" turns on whether each statutory provision requires a proof of fact that the other does not. *See Sims*, 2018 Ark. 271, at 3, 555 S.W.3d at 871. It is clear that the conviction for first-degree unlawful discharge of a firearm is not the same offense as second-degree unlawful discharge of a firearm. The first-degree offense requires proof of a fact that the offense caused serious injury to another person, whereas the second-degree offense requires proof that the offense created substantial risk of physical injury to another person or property damage. The two convictions for second-degree discharge of a firearm appear on the face of the judgment to be the same offense. The

record, however, demonstrates that there was no double jeopardy violation. The charges were connected with two separate victims who were inside when Clemmons recklessly fired five shots at the home. The two convictions thus represent separate offenses of recklessly creating a substantial risk of harm to each victim.

Moreover, each shot fired represented a separate offense. To determine whether a continuing offense is involved, we consider whether the individual acts or the course of action that they constitute are prohibited. *See Lee v. State*, 2017 Ark. 337, at 5, 532 S.W.3d 43, 51. If the individual acts are prohibited, each act is punishable separately. *Id*. If it is the course of action that is prohibited, there can be only one penalty. *Id*. Unlawful discharge of a firearm from a vehicle is clearly not a continuing offense. The culpable mental state for second-degree discharge of a firearm is directed at the individual act of recklessly firing the shots that endangered the inhabitants of the home. Though Clemmons's actions took place during one period of time, each shot constituted a separate offense under section 5-74-107(b). There was accordingly no double jeopardy violation and Clemmons's underlying petition for writ of habeas corpus clearly failed to allege a colorable cause of action. The decision to deny the petition to proceed in forma pauperis was therefore not an abuse of discretion.

Affirmed.

*Timothy Mack Clemmons*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Joseph Karl Luebke*, Ass't Att'y Gen., for appellee.