SLIP OPINION

Cite as 2014 Ark. 260

# SUPREME COURT OF ARKANSAS

No. CV-14-3

| | | |
|---|---|---|
| | | **Opinion Delivered** May 29, 2014 |
| EUGENE WESLEY | | APPELLANT'S PRO SE MOTION FOR RECONSIDERATION |
| | APPELLANT | [LEE COUNTY CIRCUIT COURT, NO. 39CV-13-129] |
| V. | | |
| RAY HOBBS, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION | | HONORABLE RICHARD L. PROCTOR, JUDGE |
| | APPELLEE | APPEAL DISMISSED; MOTION MOOT. |

## PER CURIAM

In 2013, appellant Eugene Wesley, who was incarcerated at a prison facility in Lee County, filed in the Lee County Circuit Court a pro se petition to correct an illegal sentence pursuant to Arkansas Code Annotated section 16-90-111 (Supp. 2006).[1] In the petition, appellant sought to have vacated his 1993 judgment of conviction entered in the Nevada County Circuit Court for aggravated robbery, kidnapping, and theft of property. The circuit court denied the petition, and appellant lodged a pro se appeal from the order in this court.

Now before us is appellant's "motion for reconsideration," in which he seeks leave to file a belated reply brief. We dismiss the appeal inasmuch as it is clear from the record that appellant could not prevail on appeal. The motion is moot. An appeal from an order that denied a petition for postconviction relief, including an appeal from an order pertaining to a petition

---

[1] A petition under Arkansas Code Annotated section 16-90-111 is a request for postconviction relief from a judgment of conviction. As such, it is properly filed in the trial court where the judgment was entered under the docket number for the criminal judgment being challenged. It appears that, because the judgment under attack in appellant's case was not entered in Lee County, the Lee County Circuit Clerk filed appellant's petition as a civil proceeding.

under section 16-90-111, will not be permitted to go forward where it is clear that the appellant could not succeed on appeal. *See Stanley v. State*, 2013 Ark. 483 (per curiam).

Appellant's petition to correct the sentence that was imposed in Nevada County was filed in the wrong court because the circuit court in Lee County had no jurisdiction to consider the petition to correct a judgment of conviction that had not been entered in Lee County. While the statute refers to "any circuit court," it is the court where the judgment was entered that has authority to act under Arkansas Code Annotated section 16-90-111. *See Gilliland v. State*, 2014 Ark. 149 (per curiam). A claim that a sentence is illegal presents an issue of subject-matter jurisdiction that can be addressed at any time, but the petition must be addressed to the trial court. *Id.*; *see also Hill v. State*, 2013 Ark. 291 (per curiam). For that reason, only the trial court in Nevada County had authority to grant relief under the statute. *Gilliland*, 2014 Ark. 149; *see Hodges v. State*, 2013 Ark. 299 (per curiam).

It should be noted that the Lee County Circuit Court treated appellant's petition to correct sentence as an untimely petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (1993). Even if the petition could be construed as a mislabeled Rule 37.1 petition based on the allegations raised in it, petitions under the Rule must also be filed, pursuant to Rule 37.1(a), in the trial court where the judgment was entered of record. *See Morgan v. State*, 2012 Ark. 227 (per curiam) (holding that a petition under the Rule must be filed in the trial court in accordance with the time limitations set out in the Rule).

Because appellant did not proceed in the proper court, the Lee County Circuit Court did not have jurisdiction to grant relief. Where the circuit court lacks jurisdiction, the appellate court

also lacks jurisdiction. *Slocum v. State*, 2014 Ark. 178 (per curiam).

Appeal dismissed; motion moot.

*Eugene Wesley*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.