SLIP OPINION

Cite as 2017 Ark. 194

# SUPREME COURT OF ARKANSAS.

No. CV-16-962

| | |
|---|---|
| EUGENE WESLEY | **Opinion Delivered** May 25, 2017 |
| APPELLANT | PRO SE APPEAL FROM THE NEVADA COUNTY CIRCUIT COURT; MOTION FOR RELIEF FROM ERROR OF SENTENCE AND RELEASE [NO. 50CV-16-19] |
| V. | |
| WENDY KELLEY, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION | HONORABLE RANDY WRIGHT, JUDGE |
| APPELLEE | <u>APPEAL DISMISSED</u>. |

## PER CURIAM

In 1993, appellant Eugene Wesley was convicted of aggravated robbery, kidnapping, and theft for which he received sentences of life, twenty years', and ten years' imprisonment, respectively. The kidnapping sentence was ordered to run consecutively to the life sentence. His convictions and sentences were affirmed by this court. *Wesley v. State*, 318 Ark. 83, 883 S.W.2d 478 (1994). The mandate issued on October 14, 1994.

Wesley subsequently filed in the trial court a pro se petition pursuant to Rule 37.1 of the Arkansas Rules of Criminal Procedure (1993), which was denied by the trial court. Although Wesley filed a timely notice of appeal, his attempt to perfect the appeal was untimely, and he sought a motion for rule on clerk from this court, which was denied. *Wesley v. State*, CR-96-86 (Ark. Mar. 11, 1996) (unpublished per curiam).

In 2013, Wesley, who was—and still is—incarcerated at a prison facility in Lee County, filed in the Lee County Circuit Court a pro se petition to correct an illegal sentence

pursuant to Arkansas Code Annotated section 16-90-111 (Repl. 2016), which was denied by the circuit court. Wesley's appeal was dismissed because he could not prevail. Specifically, Wesley's petition to correct the sentence that was imposed in Nevada County was filed in the wrong court because the circuit court in Lee County had no jurisdiction to consider the petition to correct a judgment of conviction that had not been entered in Lee County.[1] *Wesley v. Hobbs*, 2014 Ark. 260 (per curiam).

On March 29, 2016, Wesley filed a petition to correct an illegal sentence pursuant to Arkansas Code Annotated section 16-90-111 in the Nevada County Circuit Court, claiming his sentence was illegal because the trial court sentenced him in excess of the "mandatory sentencing guideline of aggravated robbery" and because he was charged and convicted on offenses based on the same conduct that violated the prohibition against double jeopardy.[2] The trial court entered an order dismissing the petition with prejudice, finding that Wesley failed to provide proof of service of the summons and named the wrong party to the action. The trial court further found that, even if Wesley had named the proper party, Wesley's sentences were within the range prescribed by statute; his double-jeopardy

---

[1] A petition under section 16-90-111 is a request for postconviction relief from a judgment of conviction; as such, it is properly filed in the trial court where the judgment was entered under the docket number for the criminal judgment being challenged. *Wesley*, 2014 Ark. 260, at 1, n.1. Because the judgment under attack in Wesley's case was not entered in Lee County, the Lee County Circuit Clerk filed Lee's petition as a civil proceeding. *Id.*

[2] Although Wesley named Wendy Kelley, Director of the Arkansas Department of Correction ("ADC"), as the respondent, Wesley's petition was titled a petition to correct an illegal sentence pursuant to Arkansas Code Annotated section 16-90-111. The case was docketed with a civil docket number when it became apparent that it should have been docketed under the number for the criminal judgment being challenged. *See Wesley*, 2014 Ark. 260.

claim was not cognizable under section 16-90-111; and, if the petition were deemed a Rule 37.1 petition, it would be a successive petition subject to dismissal. Now before the court is Wesley's appeal from the dismissal with prejudice of his petition for relief pursuant to section 16-90-111 and his motion for relief from error of sentence and release, which he has titled a petition for writ of mandamus.

The trial court found that Wesley improperly named Wendy Kelley, Director of the ADC, as a party, and the appellee argues that the trial court did not err by dismissing the petition on that basis. Because the petition to correct illegal sentence pursuant to section 16-90-111 should have been filed against the State and not against Kelley, Wesley's custodian, and because the State should have been served with the petition and was not, the matter should have been dismissed with regard to Kelley as an improper party to the cause of action. *See Wesley*, 2014 Ark. 260. The Nevada County Circuit Court had no jurisdiction to make a merit determination on this matter. Wesley may refile a petition to correct an illegal sentence pursuant to section 16-90-111 in the Nevada County Circuit Court against the State in his underlying criminal circuit court case number, and if an order is entered adverse to Wesley, he will be required to perfect an appeal of the new order in compliance with our rules of procedure. *See Carroll v. Baker*, 2011 Ark. 98 (per curiam).

Appeal dismissed.

*Eugene Wesley*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *David R. Raupp*, Ass't Att'y Gen., for appellee.