RHONDA K. WOOD, Associate Justice hOn February 26, 2016, appellant Reginald Dunahue, who is currently incarcerated at a unit of the Arkansas Department of Correction located in Lee County, filed a pro se petition for writ of habeas corpus in the Lincoln County Circuit Court. Dunahue filed his petition pursuant to Arkansas Code Annotated sections 16-112-101 to -123 (Repl. 2016), alleging that the prosecutor used perjured and implausible testimony and committed misconduct. In addition, Dunahue alleged that the trial court abused its discretion; that he was denied due process; and that his trial counsel, Rule 37 counsel, and appellate counsel were ineffective. The circuit court found Dunahue was no longer within its jurisdiction and that none of Dunahue’s claims were cognizable in a habeas proceeding. Accordingly, the court dismissed his petition. Dunahue lodged an appeal from the dismissal and has now filed a motion seeking to file a nonconforming belated brief on appeal. We need not consider the merits of the motion because it is clear from the record that Dunahue cannot prevail on appeal. We dismiss the appeal and find the motion moot. An appeal from an order that denied a petition for a writ of habeas corpus will not be permitted to go forward 1 ¡where it is clear that the appellant could not prevail. Williams v. Kelley, 2017 Ark. 198, 2017 WL 2378187. Any petition for writ of habeas corpus to effect the release of a prisoner is properly addressed to the circuit court in which the prisoner is held in custody, unless the petition is filed pursuant to Act 1780. See Ark. Code Ann. §§ 16-112-201 to -208 (Repl. 2016). Arkansas Cods Annotated section 16-112-105 (Repl. 2016) requires that the writ be directed to the person in whose custody the petitioner is detained. See State Dep’t of Pub. Welfare v. Lipe, 257 Ark. 1015, 1017, 521 S.W.2d 526, 528 (1975) (“[T]he controlling question is the identity of the person in whose custody the prisoner is detained.”). Although a circuit court may have subject-matter jurisdiction to issue the writ, a court does not have personal jurisdiction to issue and make returnable before itself a writ of habeas corpus to release a petitioner held in another county. Williams, 2017 Ark. 198; see Mackey v. Lockhart, 307 Ark. 321, 819 S.W.2d 702 (1991). At the time the petition was dismissed, Dunahue was incarcerated in Lee County. Regardless of where Dunahue was incarcerated at the time the petition was filed, a writ of habeas corpus issued by the Lincoln County Circuit Court could not be returned because that court lacks personal jurisdiction over prison officials located in Lee County. Appeal dismissed; motion moot. Hart, J., dissents.