SHAWN A. WOMACK, Associate Justice
Appellant Michael D. Muldrow is an inmate incarcerated in a facility of the Arkansas Department of Correction in Lincoln County. He sought to proceed as a pauper with a petition for writ of habeas corpus in the circuit court in that county. The circuit court denied Muldrow's request to proceed in forma pauperis, and Muldrow lodged this appeal. Muldrow filed a motion in which he seeks an extension of time to file his brief. Because it is clear from the record that the circuit court correctly found that Muldrow's habeas petition did not state a colorable cause of action, we affirm on appeal and the motion is moot.
I. Underlying Petition and Order Denying Pauper Status
The habeas petition that Muldrow sought to pursue as a pauper cited the statutes for Act 1780 of 2001 Acts of Arkansas, as amended by Act 2250 of 2005, which provides habeas relief based on new scientific evidence. Ark. Code Ann. §§ 16-112-201 to -208 (Repl. 2016). The petition also referenced Arkansas Code Annotated sections 16-112-101 to -123 (Repl. 2016) and alleged that his conviction should be dismissed because the trial court lacked jurisdiction. Muldrow based these claims on allegations of prosecutorial misconduct and actual innocence.
In its order denying pauper status for Muldrow on the petition, the circuit court specifically found that Muldrow had failed to allege facts that would support a colorable cause of action. The circuit court based that conclusion on its findings that prosecutorial misconduct was not a cognizable claim in habeas proceedings and that a claim under Act 1780 must be filed in the county where the petitioner was convicted.
*858 II. Standard of Review
Our review of a decision to grant or deny a petition to proceed in forma pauperis is abuse of discretion. Penn v. Gallagher , 2017 Ark. 283, 2017 WL 4683871. The circuit court's factual findings in support of its exercise of discretion will not be reversed unless clearly erroneous. Id. Rule 72 of the Arkansas Rules of Civil Procedure conditions the right to proceed in forma pauperis in civil matters on indigency and the circuit court's satisfaction that the alleged facts indicate "a colorable cause of action." Ark. R. Civ. P. 72(c) (2017). Obvious defects in the underlying petition allow this court to dispose of an appeal from the denial of in forma pauperis proceedings. Wood v. State , 2017 Ark. 290, 2017 WL 4837357. If the underlying petition clearly fails to state a colorable cause of action, there has been no abuse of discretion, and this court may summarily affirm the denial of in forma pauperis status. See Ashby v. State , 2017 Ark. 233, 2017 WL 3300478.
III. Jurisdiction
A petition for relief under Act 1780 is commenced by filing a petition in the court in which the conviction was entered. Ark. Code Ann. § 16-112-201(a). If Act 1780 is not the basis for issuance of the writ, our statutes provide, "The writ shall be directed to the person in whose custody the prisoner is detained, and made returnable as soon as may be ... before the circuit judges of the county in which it may be served, if either are within the county." Ark. Code Ann. § 16-112-105(b)(1) ; Hundley v. Hobbs , 2015 Ark. 70, at 3, 456 S.W.3d 755, 757. A circuit court, in proceedings other than those under Act 1780, has personal jurisdiction over the prison officials who detain a prisoner seeking the writ, and it has authority to return the writ when that prisoner is incarcerated within the jurisdiction of the court from which he or she seeks the writ. Dunahue v. Kelley , 2018 Ark. 4, 534 S.W.3d 140. Because Muldrow challenged a conviction in the Hempstead County Circuit
Court, the Lincoln County Circuit Court did not have jurisdiction under Act 1780. It did have jurisdiction for claims for the writ not under the Act.
IV. Muldrow's Bases for the Writ
Because the circuit court in which he filed the petition could not consider Muldrow's claims under Act 1780, his petition failed to allege facts indicating a colorable cause of action under the Act. Under our statute, a petitioner for the writ who does not proceed under Act 1780 must plead either the facial invalidity of the judgment or the lack of jurisdiction by the trial court and make a showing by affidavit or other evidence of probable cause to believe that he or she is being illegally detained. Ark. Code Ann. § 16-112-103(a)(1). Muldrow alleged that he was being held according to an invalid conviction and that the trial court lacked jurisdiction. The circuit court therefore appropriately considered any basis for the writ that Muldrow may have raised outside Act 1780.
The two bases for relief that Muldrow used to support the issuance of the writ, however, are not cognizable in habeas proceedings outside the Act. A claim of trial error, including a claim of prosecutorial misconduct, does not implicate the facial validity of the judgment or the jurisdiction of the trial court; therefore, Muldrow's allegations of prosecutorial misconduct do not support issuance of the writ. Garrison v. Kelley , 2018 Ark. 8, 534 S.W.3d 136 ; see also Howard v. State , 367 Ark. 18, 238 S.W.3d 24 (2006) (holding that prosecutorial misconduct was trial error that did not rise to the level of fundamental error).
*859 Claims of actual innocence, which are effectively challenges to the sufficiency of the evidence, are due-process claims that are not cognizable in habeas proceedings that are not brought under Act 1780. Clay v. Kelley , 2017 Ark. 294, 528 S.W.3d 836. Muldrow alleged no facts that would support issuance of the writ, and he failed to state a colorable cause of action. Accordingly, we affirm the denial of pauper status, and Muldrow's motion for extension of brief time is moot.
Affirmed; motion moot.
Hart, J. dissents.
Josephine Linker Hart, Justice, dissenting.
Mr. Muldrow has not yet perfected his appeal, so this court's jurisdiction is limited to hearing his motion for an extension of time to file his brief. Accordingly, while it is permissible for this court to dismiss Mr. Muldrow's appeal because he did not timely file his brief, it is most certainly not proper to dismiss his appeal on the merits and declare the motion "moot."
Interestingly, the circuit court denied Mr. Muldrow's motion to proceed in forma pauperis on his habeas petition, finding as required by Rule 72(c) of the Arkansas Rules of Civil Procedure that Mr. Muldrow did not have what the rule calls a "colorable cause of action." Nonetheless, the circuit court granted Mr. Muldrow status as a pauper to pursue this appeal.
Pending before this court is a single motion. If Mr. Muldrow is granted additional time to file his brief, which is a routine matter, this court will entertain a simple appeal, There is no just reason to skip over Mr. Muldrow's motion to reach an appeal that we do not yet have jurisdiction to consider. Certainly the majority's action does not serve judicial economy-it has drafted a full, signed opinion when a docket entry is the proper vehicle for disposing of Mr. Muldrow's motions. This court should safeguard all appellants' constitutional rights to due process and access to the courts, not disregard those rights.
I dissent.