ROBIN F. WYNNE, Associate Justice
Appellant Tyrun Lamont Jones appeals the denial by the circuit court of his petition for writ of habeas corpus. Now before us is Jones's motion for an extension of time to file his brief-in-chief. As there was clearly no ground stated in the petition on which a writ of habeas corpus could be issued, the appeal is dismissed, and the motion is moot. A circuit court's decision on a petition for writ of habeas corpus will be upheld unless it is clearly erroneous. Hobbs v. Gordon , 2014 Ark. 225, 434 S.W.3d 364. A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. Id. An appeal from an order that denied a petition for postconviction relief, including a petition for writ of habeas corpus, will not be permitted to go forward when it is clear that the appellant could not prevail. Love v. Kelley , 2018 Ark. 206, 548 S.W.3d 145.
A writ of habeas corpus is proper when a judgment of conviction is invalid on its face or when a trial court lacks jurisdiction over the cause. Philyaw v. Kelley , 2015 Ark. 465, 477 S.W.3d 503. Jurisdiction is the power of the court to hear and determine the subject matter in controversy. Baker v. Norris , 369 Ark. 405, 255 S.W.3d 466 (2007). A trial court has subject-matter jurisdiction to hear and determine cases involving violations of criminal statutes. Id. Under our statute, a petitioner for the writ who does not allege his or her actual innocence and proceed under Act 1780 of 2001 must plead either the facial invalidity of the judgment or the lack of jurisdiction by the trial court and make a showing by affidavit or other evidence of probable cause to believe that the petitioner is being illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2016). Unless *102 the petitioner can show that the trial court lacked jurisdiction or that the commitment was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. Fields v. Hobbs , 2013 Ark. 416, 2013 WL 5775566.
In 2016, Jones was found guilty by a jury of second-degree murder and felon in possession of a firearm for which an aggregate sentence of 300 months' imprisonment was imposed with a firearm enhancement of 180 months' imprisonment. The Arkansas Court of Appeals affirmed.[1] Jones v. State , 2017 Ark. App. 286, 524 S.W.3d 1. Jones argued in his habeas petition that the writ should issue for the following reasons on the ground that he was unlawfully detained: (1) there was newly discovered evidence to show that the police had failed to properly identify a witness; (2) his lawyer had a conflict of interest; (3) the trial judge had a conflict of interest; (4) the police have yet to speak with or investigate witnesses that could have exonerated him at trial and that he has affidavits from those witnesses; and (5) there is no circumstantial or direct evidence to prove that he committed the homicide. The claims were entirely conclusory. In a response to the State's motion to dismiss the habeas petition, Jones enlarged on the allegations but he offered no claim that established that the judgment was invalid on its face or that the trial court lacked jurisdiction in the matter, and he did not contend that the sentence imposed was outside the statutory range for the offense or otherwise make a showing that he was being illegally detained.
The assertions raised by Jones as grounds for the writ that concern the investigation of the case by the police, the availability of other witnesses who could have exonerated him, and the strength of the evidence against him constitute a challenge to the sufficiency of the evidence to sustain the judgment of conviction. It is well settled that habeas proceedings are not a means to challenge the sufficiency of the evidence in a case. Barber v. Kelley , 2017 Ark. 214, 2017 WL 2473267. A habeas action does not afford a petitioner the opportunity to retry his or her case. Watkins v. Kelley , 2018 Ark. 215, 549 S.W.3d 908.
With respect to Jones's conclusory allegation that both the trial judge and his attorney had a conflict of interest in his case, even if the allegations had been supported by facts, the claim concerning the trial judge could have been raised at trial and settled there. Any allegation concerning his attorney could, and should, have been raised under Arkansas Rule of Criminal Procedure 37.1. See Lee v. State , 2009 Ark. 255, 308 S.W.3d 596. Neither claim is a ground for the writ because neither implicates the facial validity of the judgment or the jurisdiction of the trial court.
Appeal dismissed; motion moot.
Hart, J., concurs.
Josephine Linker Hart, Justice, concurring.
I concur. While it is proper to dismiss Jones's appeal, I must write against this court's practice of dismissing appeals for purported lack of merit when it has not even received the appellant's brief. Jones has filed a motion to extend the briefing time, and that is the only thing this court should be addressing at this juncture. Even so, literally all that Jones's motion consists of is "The appellant request [sic] for additional time to file his brief and addendum." This alone is not good cause *103 to grant an extension, and the motion is properly denied. Accordingly, this court is free to dismiss Jones's appeal for failure to file a brief.

The court of appeals notes in its opinion that the conviction for possession of a firearm by certain persons was not at issue in the direct appeal.