Cite as 2020 Ark. 84

# SUPREME COURT OF ARKANSAS

No. CV-19-655

| | | |
|---|---|---|
| | | Opinion Delivered: February 20, 2020 |
| MICHAEL YOUNG | | |
| | APPELLANT | PRO SE APPEAL FROM THE LINCOLN COUNTY CIRCUIT COURT |
| V. | | [NO. 40CV-19-58] |
| | | |
| WENDY KELLEY, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION | | HONORABLE JODI RAINES DENNIS, JUDGE |
| | APPELLEE | |
| | | <u>AFFIRMED</u>. |

**ROBIN F. WYNNE, Associate Justice**

Appellant Michael Young appeals from the denial and dismissal of his pro se petition for writ of habeas corpus pursuant to Arkansas Code Annotated section 16-112-101 (Repl. 2016). Because Young stated no ground in the petition on which the writ could issue under Arkansas law, we affirm the circuit court's order.

## I. *Background*

In 2012, Young entered a negotiated plea of nolo contendere to two counts of second-degree sexual assault. He was sentenced to an aggregate term of 300 months' imprisonment. Imposition of an additional sentence of 180 months' imprisonment was suspended. Young filed the petition for writ of habeas corpus in 2019 in the county where he is incarcerated. *See Dunahue v. Kelley*, 2018 Ark. 4, 534 S.W.3d 140 (Any petition for writ of habeas corpus to effect the release of a prisoner is properly addressed to the circuit

court in which the prisoner is held in custody, unless the petition is filed pursuant to Act 1780 of 2001, codified at Arkansas Code Annotated section 16-112-201 to -208 (Repl. 2016), seeking scientific testing of evidence.).

## II. *Grounds for Issuance of the Writ*

A writ of habeas corpus is proper when a judgment and commitment order is invalid on its face or when a circuit court lacks jurisdiction over the cause. *Foreman v. State*, 2019 Ark. 108, 571 S.W.3d 484. Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Baker v. Norris*, 369 Ark. 405, 255 S.W.3d 466 (2007). When the trial court has personal jurisdiction over the appellant and also has jurisdiction over the subject matter, the court has authority to render the judgment. *Johnson v. State*, 298 Ark. 479, 769 S.W.2d 3 (1989).

Under our statute, a petitioner for the writ who does not allege his actual innocence and proceed under Act 1780 of 2001 must plead either the facial invalidity of the judgment or the lack of jurisdiction by the trial court and make a showing by affidavit or other evidence of probable cause to believe that he or she is being illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2016). Unless the petitioner can show that the trial court lacked jurisdiction or that the commitment was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. *Fields v. Hobbs*, 2013 Ark. 416.

## III. *Standard of Review*

A circuit court's decision on a petition for writ of habeas corpus will be upheld unless it is clearly erroneous. *Hobbs v. Gordon*, 2014 Ark. 225, 434 S.W.3d 364. A decision

2

is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.*

IV. *Claims of Actual Innocence and Insufficient Evidence*

Young contended in his habeas petition that the writ should issue because he had newly discovered evidence to establish his actual innocence in the form of affidavits of persons attesting to his innocence.[1] He further alleged that the evidence against him did not rise to the level sufficient to demonstrate that he was guilty beyond a reasonable doubt; therefore, the evidence was insufficient to sustain the judgment of conviction. He also asserted that the State failed to prove the element of "gratification" arising from the sexual acts of which he was convicted.

The circuit court correctly held that claims of actual innocence and insufficiency of the evidence are not grounds for the writ. Habeas proceedings are not a means to challenge the sufficiency of the evidence in a case or to argue that the State failed to prove an element of a criminal offense. Ark. Code Ann. § 16-112-103(a)(1); *see Jones v. State*, 2019 Ark. 12, 565 S.W.3d 100. A habeas action does not afford a petitioner the opportunity to retry his or her case. *Watkins v. Kelley*, 2018 Ark. 215, 549 S.W.3d 908. We

---

[1]Newly discovered evidence in the form of scientific testing of evidence in some circumstances may be cognizable in a petition for writ of habeas corpus filed pursuant to Arkansas Code Annotated section 16-112-201 to -208 (Repl. 2016). *See Leach v. State*, 2019 Ark. 238, 580 S.W.3d 871.

have held that claims of actual innocence such as those raised by Young in his petition are effectively attacks on the evidence and are thus due-process claims that are not cognizable in habeas proceedings. *Stephenson v. Kelley*, 2018 Ark. 143, 544 S.W.3d 44; *see also Philyaw*, 2015 Ark. 465, 477 S.W.3d 503 (Due-process claims do not implicate the facial validity of the judgment or the jurisdiction of the trial court.).

To the degree that it could be said that Young was raising the issue of whether he was afforded effective assistance of counsel when he entered his plea, claims of ineffective assistance of counsel are also not within the purview of a proceeding for a writ of habeas corpus. *McConaughy v. Lockhart*, 310 Ark. 686, 840 S.W.2d 166 (1992). Any allegation that Young desired to raise pertaining to the adequacy of counsel should have been raised in a timely petition pursuant to Arkansas Rule of Criminal Procedure 37.1. *See State v. Tejeda-Acosta*, 2013 Ark. 217, 427 S.W.3d 673. A habeas proceeding is not a substitute for a timely petition under the Rule or an opportunity to raise issues that are properly raised under the Rule. *Davis v. Kelley*, 2019 Ark. 1, 564 S.W.3d 512.

In general, jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Noble v. Norris*, 368 Ark. 69, 243 S.W.3d 260 (2006). Circuit courts have subject-matter jurisdiction to hear and determine cases involving violations of criminal statutes. *McArthur v. State*, 2019 Ark. 220, 577 S.W.3d 385. Regarding personal jurisdiction, the commission of the offenses by Young in the county where he was charged and entered his plea subjected him to being charged and prosecuted in that county. *Anderson v. Kelley*, 2019 Ark. 6, 564 S.W.3d 516. When the trial court had personal

jurisdiction over the appellant and also had jurisdiction over the subject matter, the court had authority to render the judgment. *Foreman v. State*, 2019 Ark. 108, 571 S.W.3d 484. Young did not contend that the sentence imposed on him was outside the statutory range for the offenses of which he was convicted, nor did he allege that he did not commit the offenses within the jurisdiction of the trial court where the judgment of conviction was entered. He did not establish that the trial court lacked subject-matter or personal jurisdiction in his case or that the judgment entered was illegal on its face. Accordingly, Young did not meet his burden of demonstrating by affidavit or other evidence of probable cause to believe that he is being illegally detained and entitled to issuance of a writ of habeas corpus to effect his release from custody. *Grimes v. State*, 2018 Ark. 407, 562 S.W.3d 215 (holding that the petitioner for the writ must present evidence of probable cause to believe that he is being illegally detained for the writ to issue).

V. *Request for Expansion of Grounds for the Writ*

In his brief, Young argues that the grounds for issuance of the writ should be expanded by this court to accept a broader scope for granting relief in a habeas action. He contends that the narrow bases on which the writ can be issued in Arkansas do not permit a fair judicial inquiry into "the very truth and substance of the causes of his detention." He urges that we hold that a court must "look behind and beyond the record" underlying a judgment to address the allegations that the petitioner raised in his or her habeas petition, including whether the evidence was sufficient to sustain the judgment and whether the petitioner enjoyed effective assistance of counsel.

5

We previously addressed the request of a petitioner in a habeas proceeding to expand the scope of the writ in *Stephenson v. Kelley*, 2018 Ark. 143, 544 S.W.3d 44. We noted in *Stephenson* that the legislature has declined opportunities to amend the statute to express its disagreement with this court's interpretation of the grounds for granting the writ; thus, this court's interpretation remains the law. Young has offered no well-founded argument for this court to expand the writ, and we again decline to do so.

Affirmed.

HART, J., dissents.

**JOSEPHINE LINKER HART, Justice, dissenting.** I dissent from today's majority opinion. I do so not because the circuit court erred in denying Mr. Young's habeas petition—in my view, he has not pled sufficient facts to prove that he was unlawfully detained. However, I dissent because the majority opinion contains a patently wrong discussion of the law concerning the writ of habeas corpus beginning with the rubric, "*Grounds for Issuance of the Writ.*"

I also reject this court's approval of the language in the majority opinion disposing of Mr. Young's plea to "expand" the grounds of the writ of habeas corpus. In the first place, Mr. Young is asking for nothing more than for those "grounds" to be coextensive with the traditional reach of the writ. Secondly, however, it is unseemly for this court to challenge the legislature to reaffirm our habeas statute, Act 49 of 1871, currently codified at Arkansas Code Annotated sections 16-112-101 et seq. Nowhere in our habeas statute is the writ limited to cases where the petitioner can show that the trial court lacked

jurisdiction or that the commitment was invalid on its face. Yet that and similar statements continue to find their way into appeals of the denial of habeas relief.

Of course I accept that we should follow prior decisions of this court "interpreting" a statute. However, this limitation on our habeas statute is not "interpretation" but wholesale legislation from the bench. It is patently unconstitutional because it violates the separation of powers. Ark. Const. art. 4, §§ 1, 2. Our constitution cannot be clearer: "No person or collection of persons, being of one of these departments, shall exercise any power belonging to either of the others, except in the instances hereinafter expressly directed or permitted." Boldly stating that it is acceptable for this court to usurp legislative power because the legislature has not retaliated since this court handed down *Sephensen v. Kelley*, 2018 Ark. 143, 544 S.W.3d 44, invites retribution. This court is obligated to respect the clear pronouncements of a coequal branch of government when they comport with our constitution.

I dissent.

*Michael Young*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Michael Zangari*, Ass't Att'y Gen., for appellee.