Cite as 2020 Ark. 206

# SUPREME COURT OF ARKANSAS

**No.** CV–19–942

| | |
|---|---|
| FREDDIE CLARK<br><br>APPELLANT<br><br>V.<br><br>WENDY KELLEY, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION<br>APPELLEE | **Opinion Delivered:** May 21, 2020<br><br>PRO SE APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT<br>[NO. 35CV-19-355]<br><br>HONORABLE JODI RAINES DENNIS, JUDGE<br><br><u>APPEAL DISMISSED</u>. |

**SHAWN A. WOMACK**, **Associate Justice**

In 2008, a Pulaski County jury convicted Freddie Clark of rape and sentenced him to twenty-five years imprisonment. Clark is presently incarcerated at the Pine Bluff Unit of the Arkansas Department of Correction in Jefferson County. He appeals the Jefferson County Circuit Court's dismissal of his petition to correct an illegal sentence. Because the petition was filed in the circuit court presiding over the county of Clark's incarceration, rather than the court of conviction, we must dismiss this appeal for lack of jurisdiction.

In his petition, Clark alleged that the evidence was insufficient to support his rape conviction. He argued that the evidence supported only a conviction of fourth degree sexual assault. The circuit court dismissed the petition and held that the sentence fell within the statutory sentencing range for rape. It also noted that a challenge to the sufficiency of the evidence should have been raised at trial, on direct appeal, or in a timely Rule 37 petition.

A petition to correct an illegal sentence under Arkansas Code Annotated section 16–90–111 may be addressed at any time. *See White v. State*, 2018 Ark. 81, at 3, 540 S.W.3d 291,

294. But only the court of conviction, in this case the Pulaski County Circuit Court, has authority to grant relief under the statute. *See Wesley v. Hobbs*, 2014 Ark. 260, at 2 (per curiam). The Jefferson County Circuit Court accordingly lacked jurisdiction to consider the petition. *Id.* It follows that we are without jurisdiction to consider this appeal. *Id.* at 2–3 ("Where the circuit court lacks jurisdiction, the appellate court also lacks jurisdiction.").

To avoid this jurisdictional bar, Clark contends he mislabeled his petition and sought a writ of habeas corpus. Though the circuit court's order dismissing the petition is captioned "Order Denying Petition to Correct Illegal Sentence/Habeas," Clark did not seek the writ. Nor did the court treat the petition as one for habeas relief. Yet even if the petition was viewed as one for a writ of habeas corpus, it fails to establish any basis for the writ.

Clark relies on his challenge to the sufficiency of the evidence to argue entitlement to habeas relief. He contends that the insufficient evidence of rape means he is actually innocent of the conviction. Habeas proceedings are not a means to challenge the sufficiency of the evidence. *See Jones v. State*, 2019 Ark. 12, at 3, 565 S.W.3d 100, 102. Habeas actions likewise do not afford a petitioner the opportunity to retry his case. *Id.* Clark's challenge to the sufficiency of the evidence does not fall within the purview of habeas and therefore does not establish a basis for the writ to issue. *See McArthur v. State*, 2019 Ark. 220, at 3, 577 S.W.3d 385, 388.

Appeal dismissed.

*Freddie Clark*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Michael Zangari*, Ass't Att'y Gen., for appellee.