Cite as 2020 Ark. 358

# SUPREME COURT OF ARKANSAS

No. CV-20-195

| | | |
|---|---|---|
| ANDROUS HALL | | **Opinion Delivered:** October 29, 2020 |
| | APPELLANT | |
| | | PRO SE APPEAL FROM THE LEE |
| V. | | COUNTY CIRCUIT COURT |
| | | [NO. 39CV-20-29] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE RICHARD L. PROCTOR, |
| | | JUDGE |
| | | |
| | | <u>AFFIRMED</u>. |

**ROBIN F. WYNNE, Associate Justice**

Appellant Androus Hall appeals the denial of his pro se petition for writ of habeas

corpus filed in the county where he is incarcerated pursuant to Arkansas Code Annotated

section 16-112-101 (Repl. 2016). Hall raised three claims for habeas relief in the petition

filed in the circuit court, which he reasserts on appeal. Because Hall stated no ground in the

petition on which the writ could issue under Arkansas law, we affirm the circuit court's

order.

I. *Background*

A jury convicted Hall of three offenses: aggravated robbery, first-degree battery, and

attempted rape. Hall, a habitual offender, was sentenced to 300 months' imprisonment on

the attempted-rape charge; 180 months' imprisonment on the first-degree battery charge;

and 396 months' imprisonment on the aggravated-robbery charge. The sentences for

aggravated robbery and first-degree battery were imposed consecutively. On direct appeal from his convictions, Hall alleged that the trial court erred in denying his motion to dismiss for overlapping and duplication of charges and in denying Hall a directed verdict based on the lack of substantial evidence supporting the convictions. *Hall v. State*, CACR 97-1344 (Ark. App. Nov. 18, 1998) (unpublished). The court of appeals refused to reach the merits of the direct appeal because counsel's brief-in-chief did not comply with the prevailing rules of appellate procedure in that the abstract was "flagrantly deficient." *Id.* Hall's convictions and sentences were summarily affirmed. *Id.* In 2002, Hall filed an untimely petition for postconviction relief pursuant to Rule 37.1 of the Arkansas Rules of Criminal Procedure. The petition was denied as barred by the time limitation under Rule 37.3(c). Hall's motion for belated appeal of the denial of his Rule 37.1 petition was rejected by this court because it was clear that Hall would not have been successful on appeal even if he had been permitted to proceed. *Hall v. State*, CR 03-537 (Ark. Oct. 9, 2003) (unpublished per curiam).

In the petition filed below and in his argument on appeal, Hall raises the following three claims for habeas relief: (1) his counsel's error in failing to comply with procedural rules deprived him of the fundamental right to a direct appeal of his convictions; (2) his conviction for attempted rape was not supported by sufficient evidence; and (3) the Arkansas Department of Correction (ADC) has miscalculated his parole-eligibility date in that he was required to serve 100 percent of his sentence for first-degree battery and is now required to serve 70 percent of his consecutive sentence for aggravated robbery. Hall asserts that this renders his sentence invalid because it represents two enhancements for the same offense.

2

## II. *Grounds for Issuance of the Writ*

A writ of habeas corpus is proper when a judgment and commitment order is invalid on its face or when a trial court lacked jurisdiction over the cause. *Foreman v. State*, 2019 Ark. 108, 571 S.W.3d 484. Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Baker v. Norris*, 369 Ark. 405, 255 S.W.3d 466 (2007). When the trial court has personal jurisdiction over the appellant and also has jurisdiction over the subject matter, the court has authority to render the judgment. *Johnson v. State*, 298 Ark. 479, 769 S.W.2d 3 (1989).

Under our statute, a petitioner who files a writ and does not allege his or her actual innocence and proceed under Act 1780 of 2001, codified at Arkansas Code Annotated sections 16-112-201 to -208 (Repl. 2016), must plead either the facial invalidity of the judgment or the lack of jurisdiction by the trial court and make a showing, by affidavit or other evidence, of probable cause to believe that he or she is being illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2016). Proceedings for the writ are not intended to require an extensive review of the record of the trial proceedings, and the circuit court's inquiry into the validity of the judgment is limited to the face of the commitment order. *McArthur v. State*, 2019 Ark. 220, 577 S.W.3d 385. Unless the petitioner can show that the trial court lacked jurisdiction or that the commitment was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. *Fields v. Hobbs*, 2013 Ark. 416.

## III. *Standard of Review*

3

A circuit court's decision on a petition for writ of habeas corpus will be upheld unless it is clearly erroneous. *Hobbs v. Gordon*, 2014 Ark. 225, 434 S.W.3d 364. A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.*

## IV. *Claims for Relief*

As stated above, Hall alleges that he is entitled to habeas relief because he was deprived of his right to an appeal due to his counsel's procedural error. This is a claim of ineffective assistance of counsel. Claims of ineffective assistance of counsel are not within the purview of a proceeding for a writ of habeas corpus. *Young v. Kelley*, 2020 Ark. 84. Hall's allegation pertaining to the inadequacy of his appellate counsel should have been raised in a timely petition filed pursuant to Arkansas Rule of Criminal Procedure 37.1. *Id.* As set forth above, Hall failed to file a timely Rule 37.1 petition. A petition for habeas corpus is not a substitute for a timely petition under Rule 37.1 or an opportunity to raise issues that should have been raised under the Rule. *Davis v. Kelley*, 2019 Ark. 1, 564 S.W.3d 512.

Hall's claim regarding his conviction for attempted rape is an attack on the sufficiency of the evidence supporting the conviction. It is well settled that habeas proceedings are not a means to challenge the sufficiency of the evidence in a case. *Jones v. State*, 2019 Ark. 12, 565 S.W.3d 100. A habeas action does not afford a petitioner the opportunity to retry his or her case. *Id.*

4

Finally, Hall's claim regarding the calculation of his sentences is likewise not cognizable in habeas proceedings. Hall argues on appeal that the ADC has applied "[A]ct 534"[1] to the length of his sentence for first-degree battery whereby he was required to serve 100 percent of his 180-month sentence before his consecutive sentence for aggravated robbery commenced. Hall contends that because he is required to serve 70 percent of his sentence for aggravated robbery, he is being punished twice for the same offense.

These allegations represent a challenge to the ADC's authority to determine parole eligibility in that Hall alleges that the ADC determined that Hall was to serve 100 percent of his sentence for first-degree battery under parole provisions in effect when he committed the crimes for which he was convicted. Parole-eligibility claims are not cognizable in habeas proceedings. *Finney v. Kelley*, 2020 Ark. 145, 598 S.W.3d 26. Habeas proceedings do not extend to issues of parole eligibility and are limited to the questions of whether the petitioner is in custody pursuant to a valid judgment of conviction or whether the convicting court had proper jurisdiction. *Id.* Parole eligibility falls clearly within the domain of the executive branch--specifically, the ADC--as fixed by statute. *Id.* A question regarding parole eligibility is not properly raised in a habeas proceeding because it does not challenge the circuit court's jurisdiction or the facial invalidity of the judgment. *Id.* Hall was convicted of first-degree battery, which is a Class B felony. Hall's judgment of conviction reflects that

---

[1]Act 534 is likely a reference to Act 534 of 1993 codified at Arkansas Code Annotated sections 16-93-1301 to -1304 (Supp. 1995) (repealed 2011), which governed probation and parole. It is not clear which part of this act the ADC applied to Hall's sentence.

Hall's sentence of 180 months' imprisonment for first-degree battery was enhanced by Arkansas Code Annotated section 5-4-501(a) (Repl. 1993). The judgment further reflects that Hall would be required to serve 70 percent of his sentence for his conviction of aggravated robbery pursuant to "[A]ct 1326 of 1995." This Act was codified at Arkansas Code Annotated section 16-93-611 (Supp. 1995) (repealed 2011) and stated in pertinent part that an individual convicted of aggravated robbery must serve 70 percent of his sentence.

Because Hall was convicted of more than one but less than four previous felonies, he was subject to a maximum penalty of thirty years' imprisonment for the conviction of a Class B felony such as first-degree battery. Hall's sentence of 180 months or fifteen years' imprisonment for that offense fell well below the maximum sentence and is a facially legal sentence. The requirement that Hall serve 70 percent of his sentence for aggravated robbery is likewise a legal sentence enhancement authorized by statute. The ADC's determination that Hall must serve 100 percent of the sentence under certain statutes governing parole provisions does not invalidate the legal sentence for first-degree battery or the enhancement imposed for the conviction of aggravated robbery when the judgment of conviction was entered by a court with both subject-matter and personal jurisdiction. *Johnson*, 298 Ark. 479, 769 S.W.2d 3.

To the extent that this allegation is an attempt by Hall to raise a double-jeopardy issue in connection with his convictions for first-degree battery and aggravated robbery, he fails. While some double-jeopardy claims are cognizable in habeas proceedings, when the petitioner does not show that on the face of the commitment order that an illegal sentence

6

was imposed, the claim does not implicate the jurisdiction of the court to hear the case, and the claim is not cognizable. *Sims v. State*, 2018 Ark. 271, 555 S.W.3d 868. In other words, Hall must show that on the face of the judgment the two offenses are the same. *Id.* This court has held that convictions for first-degree battery and aggravated robbery are not the same and do not unequivocally violate double jeopardy, as it depends on the manner in which the two offenses were charged. *See Clark v. State*, 373 Ark. 161, 282 S.W.3d 801 (2008); *Thomas v. State*, 280 Ark. 593, 660 S.W.2d 169 (1983); *Foster v. State*, 275 Ark. 427, 631 S.W.2d 7 (1982). In sum, Hall failed to establish that on the face of the commitment order there is an apparent violation of double jeopardy or that there was an illegal sentence imposed, and the claim is not cognizable in habeas proceedings. *Sims*, 2018 Ark. 271, 555 S.W.3d 868.

Affirmed.

HART, J., dissents.

**JOSEPHINE LINKER HART, Justice, dissenting.** The majority grossly misrepresents the plain language of our habeas statute, Arkansas Code Annotated section 16-112-101 and following (Repl. 2016). Section 16-112-103(a)(1) states:

> (a)(1) The writ of habeas corpus shall be granted forthwith by any of the officers enumerated in § 16-112-102(a) to any person who shall apply for the writ by petition showing, by affidavit or other evidence, probable cause to believe he or she is detained without lawful authority, is imprisoned when by law he or she is entitled to bail, or who has alleged actual innocence of the offense or offenses for which the person was convicted.

Conspicuously absent from this section is any express reference to "facial invalidity of the judgment or lack of jurisdiction by the trial court." While both of these circumstances will certainly constitute detention without lawful authority, they are not the only ways that a person's liberty may be unlawfully taken.

Habeas corpus guarantees a citizen the right to be free of unlawful detention. Trials and appeals are the mechanisms that our constitution has designated as the process that bestows upon the State lawful authority to imprison. *See* Ark. Const. art. 2, § 7; Ark. Const. amend. 80, § 11. I have no opinion about the fairness of Mr. Hall's trial--no appellate court in Arkansas passed on the merits because the court of appeals summarily affirmed his appeal because his abstract was deemed "flagrantly deficient." In my view, the version of Arkansas Supreme Court Rule 4-2 that was in effect when Mr. Hall lodged his appeal was a violation of his constitutional right to an appeal. Violation of a person's constitutional rights can be addressed by a writ of habeas corpus. *See Hobbs v. Gordon*, 2014 Ark. 225, 434 S.W.3d 364.

I also reject the majority's bald assertion that unlawful calculation of his date of parole eligibility is not cognizable in habeas proceedings because it is "within the domain of the executive branch--specifically, the ADC--as fixed by statute." Under the separation of powers, it is the executive branch that does the detaining in this State, lawful or otherwise. It is the role of the judiciary to determine whether the detention is lawful or unlawful, and the writ of habeas corpus--as fixed by statute--is the mechanism for making that determination.

I dissent.

*Androus Hall*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Christian Harris*, Ass't Att'y Gen., for appellee.