Cite as 2020 Ark. 356

# SUPREME COURT OF ARKANSAS
No. CV-20-178

| | |
|---|---|
| ALONZO WATSON<br><br>APPELLANT<br><br>V.<br><br>DEXTER PAYNE, DIRECTOR,<br>ARKANSAS DEPARTMENT OF<br>CORRECTION<br><br>APPELLEE | Opinion Delivered: October 29, 2020<br><br>PRO SE APPEAL FROM THE LINCOLN<br>COUNTY CIRCUIT COURT<br>[NO. 40CV-19-156]<br><br>HONORABLE JODI RAINES DENNIS,<br>JUDGE<br><br>AFFIRMED. |

**RHONDA K. WOOD, Associate Justice**

Alonzo Watson appeals the denial of his pro se petition for writ of habeas corpus. On appeal he alleges the circuit court erred in denying relief because his arrest warrant was defective and void, the trial court lacked authority to amend the information, and the judgment was invalid.[1] We affirm because Watson's allegations were previously pled or are ones of trial error.

I. *Background*

A Pulaski County jury convicted Watson of capital murder in the death of Daniel Harris. Watson was sentenced to life imprisonment without parole. We affirmed on direct appeal. *Watson v. State*, 2012 Ark. 430. In 2018, Watson petitioned for writ of habeas corpus. This court denied relief, holding that Watson's allegations of an illegal arrest and an illegal amendment to the information were not cognizable claims. *Watson v. Kelley*, 2019 Ark. 147.

---

[1]Watson raised additional claims in the circuit court but abandoned those on appeal.

In this habeas petition, Watson raises the following allegations: (1) the arrest warrant was invalid because it lacked the signature of a judicial officer; (2) the trial court lacked the authority to amend the information from a charge of second-degree murder to a charge of capital murder; and (3) the sentencing order was void because it was constitutionally invalid. The circuit court granted Watson's petition to proceed in forma pauperis but dismissed the petition for habeas relief on the merits.

## II. *Writ of Habeas Corpus*

This court will uphold a circuit court's decision on a petition for writ of habeas corpus unless it is clearly erroneous. *Hobbs v. Gordon*, 2014 Ark. 225, 434 S.W.3d 364. A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.*

A writ of habeas corpus is proper when a judgment and commitment order is facially invalid or when a circuit court lacks jurisdiction over the case. *Foreman v. State*, 2019 Ark. 108, 571 S.W.3d 484. Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Baker v. Norris*, 369 Ark. 405, 255 S.W.3d 466 (2007). When the trial court has both personal jurisdiction over the appellant and jurisdiction over the subject matter, the court has authority to adjudicate the case. *Johnson v. State*, 298 Ark. 479, 769 S.W.2d 3 (1989).

A petitioner who does not allege his actual innocence and proceed under Act 1780 of 2001 must plead that either the judgment was facially invalid or the trial court lacked jurisdiction and show probable cause, by affidavit or other evidence, that he is being illegally detained. Ark.

2

Code Ann. § 16-112-103(a)(1) (Repl. 2016). A circuit court's inquiry is limited to the facial validity of the judgment and commitment order. *McArthur v. State*, 2019 Ark. 220, 577 S.W.3d 385. Unless the petitioner can show that the trial court lacked jurisdiction or that the commitment was facially invalid, there is no basis for issuing a writ of habeas corpus. *Fields v. Hobbs*, 2013 Ark. 416.

### III. *Claims for Relief*

Watson's first two claims have been raised and rejected before. *Watson*, 2019 Ark. 147, at 4. Watson challenged the legality of his arrest warrant and the amendment to the information in his prior claim for habeas relief. We considered the merits of these two claims for relief and concluded they were not cognizable in habeas proceedings. *Id.* The abuse-of-the-writ doctrine may apply in habeas proceedings to subsume res judicata when the petitioner raises the same arguments that the court addressed previously without bringing forward additional facts to support his or her argument. *Morgan v. Payne*, 2020 Ark. 239, 602 S.W.3d 736. Watson fails to bring new facts to enliven these claims. This failure constitutes an abuse of the writ. We consequently dismiss these two recycled claims.

Watson's third claim challenges the validity of the sentencing order. He makes two arguments in support, but neither has merit. First, he contends his sentence is void because "a killing with a deadly weapon, in this case a chunk of concrete, unaccompanied by circumstances of mitigation, justification or excuse constitutes murder in the second-degree" rather than capital murder. But habeas proceedings are not a means to challenge the sufficiency of the evidence because habeas actions do not allow a petitioner to retry his case. *Clark v. Kelley*, 2020 Ark. 206.

3

Watson's claim that the evidence did not support his conviction of capital murder does not fall within the purview of a habeas proceeding and therefore does not establish a basis for the writ to issue. *Id.*

Second, Watson claims his sentence is invalid because the trial court admitted an unconstitutional prior conviction to enhance his sentence. This is an issue of trial error not cognizable in a writ for habeas corpus. *Id.* A challenge to the admissibility of a prior conviction should occur at the time of the trial. And capital murder carries with it the possibility of two sentences—death or life without parole. Ark. Code Ann. § 5-10-101(c) (Supp. 2011). Watson's sentence of life without parole is therefore legal on its face, and there is no basis for finding that a writ of habeas corpus should issue. *McArthur*, 2019 Ark. 220, 577 S.W.3d 385.

Affirmed.

HART, J., dissents.

**JOSEPHINE LINKER HART, Justice, dissenting.** Today the majority has crafted a new legal doctrine: the abuse-of-the-abuse-of-the-writ-doctrine doctrine. As I noted in my concurring opinion in *Jackson v. Kelley*, 2020 Ark. 251, 602 S.W.3d 739, the abuse-of-the-writ doctrine was announced by the Supreme Court of the United States in *Wong Doo v. United States*, 265 U.S. 239 (1924). As conceived by the Supreme Court, to warrant application of the abuse-of-the-writ doctrine, it is not sufficient that a petitioner merely raise the same or a very similar claim; there must be an element of intentional manipulation of the system. *Id.* In the case before us, the misapplication of the abuse-of-the-writ doctrine by this court is an intentional manipulation of the system.

4

Mr. Watson's prior habeas petition was *not* properly decided on the merits. The case cited by the majority, *Watson v. Kelley*, 2019 Ark. 147, was a *motion* filed by Mr. Watson seeking an extension of time to file his brief. Mr. Watson was seeking to appeal the denial of his petition to proceed in forma pauperis in the appeal of the Lincoln County Circuit Court's denial of his habeas petition It is impossible for me to understand how this court's denial of Mr. Watson's right to due process can be held to be his intentional manipulation of the system.

I also reject the majority's assertion that the balance of the grounds asserted by Mr. Watson are mere trial error that is not cognizable in habeas proceedings. Mr. Watson's allegations of trial error were not raised in his direct appeal. However, Mr. Watson's conviction is for *capital murder*, for which he received a life sentence. All cases in which the sentence is death or life imprisonment are subject to Arkansas Supreme Court Rule 4- 3(i). The rule requires that *this court* review all trial errors. *Id.* There is no indication that the specific allegations made by Mr. Watson were reviewed by this court in its mandatory 4-3(i) review.

Habeas corpus guarantees a citizen the right to be free of unlawful detention. Trials and appeals are the mechanisms that our constitution has designated as the process that bestows upon the State lawful authority to imprison. *See* Ark. Const. art. 2, §7; and Ark. Const. am. 80, §11. When, as here, there is a question about whether Mr. Watson's conviction was properly reviewed, the issue of whether he is lawfully imprisoned arises. Denying Mr. Watson due process for the second time is a break down in the judicial process.

I dissent.

*Alonzo Watson*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by:  *Michael L. Yarbrough*, Ass't Att'y Gen., for appellee.